## ROSWELL LEONARD, by his Guardian, *versus* JOSEPH LEONARD.

Where a person *non compos mentis* under guardianship, had in his possession a promissory note payable to himself, and received payment of it from the promisor, who had knowledge of the guardianship, it was *held* that such payment was of no effect; and the letter of guardianship was *held* to be conclusive evidence, that at the time of the payment the ward was not of sound mind.

ASSUMPSIT to recover the amount of a promissory note, dated May 12, 1830, made by the defendant, payable to the plaintiff or order, for $169·34. Trial before *Morton* J., upon the general issue

It appeared that the plaintiff and the defendant were in habitants of West Springfield, at the time when the note was given ; that the defendant still continued to be an inhabitant of that town ; that on May 12 and 19, 1830, the plaintiff took deeds of certain land in Suffield, in Connecticut ; that he was

Leonard<br>v.<br>Leonard.

regularly put under guardianship by the court of probate, as a person *non compos mentis*, on June 1, 1830 ; at which time he had his domicile in West Springfield ; that he owned real estate in that town ; that he was unmarried ; and that since he had been put under guardianship, he had boarded in Suffield in the summer, working upon his land there, and in West Springfield in the winter.

The defendant offered to prove that the plaintiff was not *non compos mentis*, but that he was before and at the time when the guardian was appointed, and had been ever since, of sound mind and capable of managing his own concerns. But the judge rejected the evidence, and ruled that the decree of the court of probate was conclusive.

It further appeared, that in May, 1831, the defendant paid to the plaintiff, in Suffield, the amount of this note and took it up, the same being then in the possession of the plaintiff. The defendant contended, that he had a legal right to pay the note to the ward, it being then in his possession and he residing in Suffield in the State of Connecticut. The residence of the defendant and the former residence of the ward were only four or five miles from the land purchased by the ward in Suffield. The defendant, at the time of the payment, resided in this State, and knew of the existence of the guardianship, and that the guardian resided in the same town with himself. The jury were instructed, that, under these circumstances, the delivery of the money to the ward did not amount to a payment of the note.

A verdict was found for the plaintiff. But if the foregoing instruction was wrong, or if the evidence rejected ought to have been received, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

*Mills* and *Boies* for the defendant. By the fair construction of *St.* 1783, *c.* 38, letters of guardianship cease to operate so soon as the disability of the ward ceases. According to the judge's report, the defendant offered to prove that the plaintiff had always been of sound mind. This position was undoubtedly too broad ; the important point was, that the plaintiff was of sound mind at the time when the money was paid to him ; and evidence of this fact should have been admitted. The

<em>Sept. 26th,</em><br>1832

24 *

Leonard
v.
Leonard

decree of the judge of probate was *primâ facie* evidence that the plaintiff was *non compos*, not conclusive evidence. 12 Petersdorff's Abr. 395 ; *Hall* v. *Warren*, 9 Ves. 605 ; *Ex parte Barnsley*, 3 Atk. 168 ; Bac. Abr. *Idiots &c.*, B ; *M‘Donald* v. *Morton*, 1 Mass. R. 546 ; *White* v. *Palmer*, 4 Mass. R. 147 ; *Stone* v. *Damon*, 12 Mass. R. 488 ; 1 Stark. Evid. 258, 259.

But admitting that the letters of guardianship were conclusive evidence that the plaintiff was not of sane mind, yet as the note was made payable to the plaintiff and was entrusted to him by the guardian, he is to be regarded as the agent of the guardian and payment to him was payment to the guardian. 3 Stark. Evid. 1086. The guardian himself could not have received payment, not having the note in his own possession.

Whatever was the state of the ward's mind, he was competent to receive money, because that was for his benefit ; since a person *non compos* under guardianship, is liable to be arrested and imprisoned for debts contracted by him before a guardian was appointed. Bac. Abr. *Idiots &c.*, F, *Maddon* v. *White*, 2 T. R. 159 ; *Oliver* v. *Houdlet*, 13 Mass. R. 237, 240 ; *Thacher* v. *Dinsmore*, 5 Mass. R. 299 ; *Ex parte Leighton*, 14 Mass. R. 207. If the defendant shall be compelled to pay the guardian, he will have a right of action against the ward to recover back the money paid to the ward ; so that a judgment against the defendant will merely lead to circuity of action.

*Lathrop*, for the plaintiff, insisted that the letter of guardianship, so long as it remained unrevoked and not annulled, was conclusive evidence of the plaintiff's being *non compos mentis*. 1 Stark. Evid. 227, 231 ; *Allen* v. *Dundas*, 3 T. R. 125 ; *Sumner* v. *Parker*, 7 Mass. R. 79 ; *Smith* v. *Rice*, 11 Mass. R. 507.

It is questionable whether the guardian of a *non compos* can appoint the ward his agent to receive money, but in the present case the only evidence of such agency is the possession of the note by the ward ; but the inference which would in other cases arise from that circumstance, is repelled by the facts that he was *non compos mentis* and under guardianship

Payment to the ward therefore was ineffectual. Nor can the defendant complain of any hardship, for he knew of the appointment of the guardian, and payment to the guardian would have been a defence to an action by the ward, as well in Connecticut as in this State.

*Per Curiam.* The defence in this case is put upon two grounds; 1. that the ward was of sound mind; and 2. that in receiving payment of the note he was acting as the agent of the guardian.

In order to support the first ground, the defendant offered evidence that the plaintiff was of sufficient capacity to transact business. This was not received, and the question is, wheth er it was properly excluded; in other words, whether the de cree of the probate court was conclusive evidence that the plaintiff was not of sound mind. In general, the judgment of a court of competent jurisdiction is conclusive against the parties; and judgments *in rem* are conclusive against all the world; for instance, decrees in admiralty cases, and in relation to marriage and divorce, the probate of wills, &c. The question, then, is, whether the appointment of a guardian is of this nature. It is suggested on the part of the defendant, that an inquisition of lunacy in England, is not conclusive on the question of sanity; but it is a sufficient answer, that such an inquisition is very different from the proceedings in a court of probate under our statute. The plaintiff insists, that the guardianship is conclusive of the disability of the ward, in relation to all subjects on which the guardian can act, and that the only mode of preventing this operation is by procuring the guardianship to be set aside. And there can be no question but that the judge of probate has power to reconsider the subject, and if it shall appear that the cause for the appointment of a guardian has ceased, or that the guardian is an improper person for the office, the letter of guardianship may be revoked. *M‘Donald* v. *Morton*, 1 Mass. R. 543. In the case of *White* v. *Palmer*, 4 Mass. R. 147, it was held that the letter of guardianship was competent evidence of the insanity of the ward, and the reasoning tends to show that it is conclusive; out this was not the question then before the Court. If this

were not the general principle of the law, the situation o. the guardian would be extremely unpleasant, and it would be almost impossible to execute the trust. In every action he might be obliged to go before the jury upon the question of sanity, and one jury might find one way, and another another. We are of opinion, that as to most subjects, the decree of the probate court, so long as the guardianship continues, is conclusive evidence of the disability of the ward; but that it is not conclusive in regard to all. For example, the ward, if in fact of sufficient capacity, may make a will, for this is an act which the guardian cannot do for him. But the transaction now in question falls within the general rule.

The remaining question is, whether the ward received the money as the agent of the guardian. The only evidence tending to prove this is the fact that the ward had possession of the note; and under all the circumstances of the case, the defendant had no reason to believe that the guardian had appointed the ward his agent.

*Judgment according to verdict*