WILLIAM S. GRIDLEY, Respondent, *v.* THE COLLÈGE OF ST. FRANCIS XAVIER, Appellant.

An exception to a decision denying a motion for a new trial made on the minutes of the trial judge, presents no question for review in this court.

The Court of Common Pleas of the city and county of New York, is for the purposes of a proceeding *de idiota inquirendo,* a court of general jurisdiction (State Const. art. 6, § 12; Code Civ. Pro. § 263, sub. 8), and to uphold its jurisdiction, when attacked collaterally, it may be presumed that all proper notices were served upon the idiot, in the absence of anything in the record showing that they were not served.

It is not essential in such proceedings that the alleged idiot should have notice of the application for a commission. If any notice whatever of the proceedings is necessary, where they are instituted by a parent of the person proceeded against, as to which, *quære,* notice of the time and place for the execution of the writ is sufficient to give the court jurisdiction, and while the alleged idiot should have notice of motion to confirm the findings of the jury and for the appointment of a committee, the failure to give such notice does not render the proceedings void.

(Argued February 6, 1893; decided February 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 8, 1892, which affirmed a judgment in favor of plaintiff and also affirmed an order denying a motion for a new trial.

This action was brought by plaintiff as assignee of one Vosteen, who was lessee of certain premises in the city of New York, to recover rent alleged to have been paid to defendant by mistake.

The facts, so far as material, are stated in the opinion.

*George Bliss* for appellant. The court erred in admitting the inquisition. (*In re Blewitt,* 131 N. Y. 546.) The only notice that it can be pretented was given to the alleged idiot was that received on May nineteenth to attend before the commission on May twentieth. It does not appear that she did, in fact attend. (Elmer on Lunacy [5th ed.], 7, 263.) On the undisputed facts in the case Vosteen voluntarily paid his

rent to the defendants with a knowledge or means of knowledge of all the facts and neither he nor his assignee could thereafter recover the money. (*Clarke* v. *Dutcher*, 9 Cow. 674; *Mowatt* v. *Wright*, 1 Wend. 355; *Bennett* v. *Bates*, 84 N. Y. 354, 373; *Vanderbeck* v. *City of Rochester*, 53 Hun, 87; *Wyman* v. *Farnsworth*, 3 Barb. 369; *Silliman* v. *Wing*, 7 Hill, 159; *Flower* v. *Lance*, 59 N. Y. 603; *Quincey* v. *White*, 63 id. 370.)

*Howard A. Sperry* for respondent. When the owner of real estate, which had been sold for taxes, but regularly redeemed from the sale, under a mistaken representation of the purchaser that he had received a conveyance which had become absolute, purchased his title of the latter, the price paid may be recovered as for money paid by mistake. (*Martin* v. *McCormick*, 8 N. Y. 331.) Defendant objected to the introduction, in evidence, of the inquisition upon the ground, that it appeared on its face, that the court never acquired any jurisdiction in the proceedings. It was properly received. (5 Daly, 288.)

EARL, J. In 1873, Ann Eliza Owens owned certain real estate, situate in the city of New York, subject to the life estate of her mother, Ann Owens. Ann Eliza was an idiot, and in the year mentioned, her mother instituted in the Court of Common Pleas of the city and county of New York a proceeding *de idiota inquirendo* for the purpose of having her declared incompetent to take care of herself and her property. That proceeding was carried to a conclusion in that court. She was found to be an idiot, and a committee of her person and estate was appointed. Some years thereafter she conveyed her real estate to the defendant. In April, 1888, Ann Owen, her mother, leased the real estate for five years from the first day of May following. Ann Eliza died in June, 1890, and a few days thereafter her mother died. After the death of Ann Owens the lessee paid rent for nearly a year to the defendant, supposing the deed from Ann Eliza to it was valid

and that it had the title to the real estate and thus the right to receive the rent, both he and it being then ignorant that a committee had been appointed for Ann Eliza.

The lessee claiming that the moneys thus paid to the defendant were paid by mistake, assigned his claim for them to the plaintiff who demanded the same of the defendant. It refused to refund the moneys thus paid, and then the plaintiff commenced this action to recover them. He recovered, and the defendant has appealed from the judgment entered in his favor.

In this court we can consider only exceptions taken at the trial.

The plaintiff gave evidence tending to show that this money was paid under a mistake of fact as alleged by him. The defendant made no motion for a nonsuit upon the trial, made no request to the trial judge to charge the jury and took no exception to the charge as made. The record contains but three exceptions.

The assignment by the lessee to the plaintiff of the cause of action was dated on the 6th day of June, 1891, and was duly acknowledged. The plaintiff offered it in evidence without any further proof of its execution. Defendant's counsel objected to the assignment as evidence on the ground that it was not an instrument which could be proved by the acknowledgment. It is not now claimed that that objection was well founded. (Code, § 937.)

After the rendition of the verdict, defendant's counsel moved for a new trial upon the minutes of the trial judge, and that motion was denied, and the defendant's counsel excepted to the decision. That exception, as we have frequently held, presents no question for review in this court. It was not taken during the trial, but after the trial was completed.

When the proceedings leading to the appointment of the committee were introduced, the defendant's counsel objected to them on the ground that, on the face of the papers, the court never acquired any jurisdiction of the proceedings.

The objection was overruled and the papers were received in
evidence.    It is now claimed, and quite strenuously argued by
the counsel for the defendant, that the proceedings were
utterly invalid because no notice of them ·was given to Ann
Eliza, the idiot.    There are two answers to this objection.    The
Court of Common Pleas, upon the petition of Ann Owens,
the mother, appointed commissioners *de idiota inquirendo,*
and, in the order appointing them, required that previous
notice of the time and place of the execution of the writ
should be given to Ann Eliza Owens, and the person or per-
sons having the care of her.    It was not necessary that she
should have notice of the application for the commmission.
Without hearing her and without notice to her, the court
could constitute the tribunal which was to make inquiry into her
mental condition.    In pursuance of the order, a time and
place for the execution of the commission were appointed, and
a jury was summoned by the sheriff, and it appears by proof
contained in the record of the proceedings that the idiot had
notice of the time and place of the execution of the commis-
sion.    The record does not disclose that she had notice of any
of the subsequent proceedings confirming the findings of the
jury and appointing the committee.    We do not deem it
important now to determine whether the proceedings would
be absolutely void and a nullity if no notice whatever had
been given to the idiot of any of the proceedings instituted
upon .the petition of her mother, who had charge of her.
They would have been invalid undoubtedly in the sense that
they would have been set aside as irregular upon the applica-
tion of any person who had a right to be heard, as we held in
*Matter of Blewitt* (131 N. Y. 546).    But if notice was neces-
sary, the notice given of the time and place of the execution
of the writ was sufficient to give the court jurisdiction of the
matter.    The person proceeded against by such a writ should
have notice of the motion to confirm the finding of the jury
and for the appointment of the committee, and if such notice
be not given, upon the motion of any person entitled to be
heard, a court having jurisdiction of the matter may. set those

proceedings aside.   But where the person proceeded against
has had notice of the vital part of the proceeding, *to wit.*, the
execution of the writ, there is no ground for saying that the
proceedings are absolutely void.

But there is still another answer to this objection.   The
Court of Common Pleas of the city and county of New
York is, for the purposes of such a proceeding, a court
of general jurisdiction (Constitution, art. 6, § 12; Code,
§ 263, subdiv. 8); and, therefore, to uphold its jurisdic-
tion, it may be presumed that all the proper notices were
served upon the idiot, and even that she was present in court
at the time any proceeding was taken, in the absence of
anything in the record showing that she was not present in
court or that the notices were not served.   It is one of the
maxims of the law that "nothing shall be intended to be out
of the jurisdiction of a Superior Court but that which
expressly appears to be so."   Hence, though the existence of
any jurisdictional fact may not be affirmed upon the record,
it will be presumed, upon a collateral attack, that the court,
if of general jurisdiction, has acted correctly and with due
authority, and its judgment is as valid as though every
fact necessary to jurisdiction affirmatively appeared.   (Free-
man on Judgments, § 124.) · It was held in *Foot* v. *Stevens*
(17 Wend. 483), that the Courts of Common Pleas of this state
are courts of general jurisdiction, and upon a motion for a
new trial it will be intended, in support of a judgment ren-
dered in the Court of Common Pleas, where nothing to the
contrary is shown, that the court had jurisdiction of the per-
son of the defendant, although there was no averment in the
record showing the jurisdictional facts.

.This is a collateral attack upon the idiocy proceeding in the
Court of Common Pleas.   It does not appear from the record
that all proper notices were not given, and no proof was
offered upon the trial to show that the court did not, in fact,
acquire jurisdiction.

Therefore, the objection made by the counsel to the pro-
ceedings was not well taken, and it follows that the defendant

did not obtain title to the real estate by the deed from the idiot, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.