## CUNNINGHAM v. TULEY.

[No. 19,210.   Filed Jan. 25, 1900.   Rehearing denied Feb. 23, 1900.]

JUDGMENTS.—*Verity.*—*Courts.*—*Probate of Will.*—Where a will was admitted to probate upon the testimony of a subscribing witness before the clerk in vacation, and the judgment confirming the probate thereof was fair on its face, the clerk of such county cannot

be required under §2752 Burns 1894 to produce the will for probate in another county, although the testatrix, immediately before her death, was an inhabitant of the latter county, since it was the duty of the court of the latter county to accept the record of the court of the former county as true.

From the Floyd Circuit Court.   *Reversed.*

*E. B. Stotsenburg,* for appellant.

*G. H. Hester,* for appellee.

BAKER, J.—Appellee filed in the Floyd Circuit Court his verified application, under §2752 Burns 1894, §2582 R. S. 1881 and Horner 1897, stating that one Sarah Johnson died testate in October, 1898; that, immediately previous to her death, she was an inhabitant of Floyd county; that in her will she nominated appellee as executor; that the will is in the custody of appellant, who neglects and refuses to produce it for probate; and asking that appellant be cited to produce the will that it may be duly proved.   In his verified return to the citation, appellant alleges that the will is not and never has been in his possession as an individual; that he is and for more than two years has been the clerk of the Harrison Circuit Court of Indiana; that on November 3, 1898, in vacation, the will was produced in his office before him as clerk by one of the subscribing witnesses; that the subscribing witness represented to him that the testatrix, immediately previous to her death, was an inhabitant of Harrison county; that the subscribing witness testified before him that the will was duly executed and that the testatrix at the time of executing it was competent to devise her property and not under coercion; that this testimony was written down by him, subscribed by the witness, and attested by the seal of the court and by his signature as clerk; that the will, with the testimony and attestation, were recorded by him in a book kept for that purpose and certified by him to be a complete record; that he attached to the will a certificate of probate conformable to the statute; that on November 14, 1898,

the first day of the November term of the Harrison Circuit Court, he reported his proceedings to the court; that the court thereupon confirmed the probate of the will; that the judgment, after reciting the proceedings before the clerk, continues: "And the court, having seen and examined said will and testimony of said witness and all acts of said clerk in the premises, and no objections being made to said will and the probate thereof, and all acts of said clerk being proper and in due form of law, the same are now in all things ratified, approved and confirmed by the court"; that this judgment is in full force; that the will is in the courthouse at Corydon as part of the files and records of the Harrison Circuit Court, and as such, and not otherwise, is in the custody of appellant. On appellee's motion, this return was stricken out and an order entered committing appellant to jail until he produce the will.

Appellant, by not denying, confessed appellee's allegation that the testatrix, immediately prior to her death, was an inhabitant of Floyd county. That is, the Harrison Circuit Court decided a matter to be true, namely, that the testatrix, immediately prior to her death, was an inhabitant of Harrison county, which was false. But the record of the proceedings in the Harrison Circuit Court is fair on its face; and it was the duty of the Floyd Circuit Court to accept that record as true. On the facts stated in appellant's return, appellee has mistaken his remedy. *Bruce* v. *Osgood, post,* 375, and authorities there cited.

Judgment reversed, with instructions to overrule the motion to strike out the return, and to proceed in consonance with this decision.