(32 Misc. Rep. 47.)

### In re McCUSKER.

(Supreme Court, Special Term, New York County. June, 1900.)

1. INSANE PERSONS — COMMITTEE FOR LUNATIC — RESIGNATION OF COMMITTEE.
   Code Civ. Proc. § 2342, provides that on the intermediate or other than annual account of the committee of an insane person notice of the application for such accounting shall be given in the manner in which and to the person to whom notice of application for the appointment of a committee of the person or property of an alleged lunatic shall be given by title 6, c. 17. Section 2323a provides that notice of such a petition shall be personally given to such person, and also to the husband and wife, if any, or, if none, to the next of kin, and to the officer in charge of the institution. Section 2325 requires that the court must, unless sufficient reasons for dispensing are set forth in the petition, require notice of the presentation of the petition to be given to one or more relatives of the person alleged to be incompetent. *Held*, that where a committee made application to be allowed to resign, and for the discharge of the committee, and for the release of its sureties on settlement of the account filed with the petition, and no notice was served upon the incompetent, or the officer of the institution in which she was confined, the court had no jurisdiction.

2. SAME—SPECIAL GUARDIAN.
   Code Civ. Proc. § 2342, provides that on an intermediate accounting for a lunatic the court shall have power, and it shall be its duty, to appoint a suitable person as special guardian of the incompetent person for the protection of his rights and interests in said proceedings. *Held*, that where the committee for a lunatic applied to be allowed to resign, and for the release of its sureties, on the judicial settlement of the account filed with the petition, but no special guardian was appointed, the court was without jurisdiction.

3. SAME.

A committee for a lunatic made application to be allowed to resign, for its discharge, and the release of its sureties on settlement of an account, but the proceedings were defective in that no notice was served on the incompetent, or the person in charge of the institution where she was confined, and the proceedings were suspended. The attorney in the proceeding then instituted amendatory proceedings. Before motion in the amendatory proceedings was returnable the resigning and original petitioning committeeman obtained through another attorney an order directing the first attorney to show cause why the proceedings begun by him should not be discontinued. The original attorney obtained an order to the resigning committeeman to show cause why the former order to show cause obtained by the new attorney should not be vacated and set aside. The proceedings instituted by the second attorney were entirely regular, but these amendatory proceedings of the first attorney were not. It was alleged by the resigning committeeman, and not denied, that the first attorney had been fully paid for his services. *Held*, that the original attorney should be stayed from prosecuting either the original or amendatory proceedings, but that, being attorney for two of the committee other than the resigning committeeman, he might appear in their behalf in the proceedings.

Application by the committee of Sarah E. McCusker, an incompetent, for an accounting and discharge. Rights of the parties determined, and ordered accordingly.

Francis C. Devlin, for committee.

Hugo J. Stetzner, for petitioner.

FITZGERALD, J. There are presented to the court in this proceeding for decision four applications on opposing papers, all arising from the original application of one, the committee for a lunatic, to be allowed to resign, for the discharge of the committee, and for the release of their sureties upon the judicial settlement of the account filed with said petition. In that original proceeding, instituted by an attorney upon the written retainer of all of the committee, an order of reference was made to take and state the account of the committee, in which order the appearance of the incompetent by an attorney was recited. The matter coming on for hearing before the referee, it was discovered and certified by him that the court had no jurisdiction to make the order of reference, as the incompetent and the officer of the institution in which she is confined had not been served with notice of the application of the accounting, as required by section 2342 of the Code, read in connection with sections 2323a and 2325 thereof, and because no special guardian for the protection of the rights and interests of the incompetent in the proceeding had been appointed by the court, in accordance with section 2342. Accordingly, the proceedings before the referee were suspended. If there were any doubt in the minds of the parties that the opinion of the referee was correct, and his action proper, it would be settled by the language of the court of appeals in Re Blewitt, 131 N. Y. 541, 30 N. E. 587, in which the court says: "The cases must be very rare in which a notice may not be served on the alleged lunatic, and it seems to us the better practice would be to require service of notice upon the party (if within the jurisdiction) in all cases, in addition to notice to relatives and others, as required by section 2325 of the

Code." And by the mandatory language of section 2342 of the Code making it the duty of the court to appoint a special guardian. The correctness of this view seems to have been acquiesced in by all parties, and with this conceded rule of practice we may start. The attorney who brought the original proceeding then applied to the court for an order appointing a special guardian of the incompetent, and an order of reference to take and state the committee's account; his motion being based upon a notice of the filing and presentation to the court of the committee's account, of the petition and resignation of the original committeeman, upon the affidavit of the attorney of the invalidity of the former proceeding, and upon proof of service of notice of the application, and of the papers on which it is founded, upon the incompetent, the officer in charge of the asylum, and the next of kin. Then, before the said motion was returnable, the resigning and original petitioning committee obtained through another attorney an order directed to the first attorney to show cause why the proceedings begun by him should not be discontinued, and why he should not be restrained from proceeding further, and staying all actions by him. The said order was granted on the affidavits of the said committeeman, reciting the former proceedings, and the invalidity thereof, the manner in which the attorney was retained by the committeeman, the delay and error of the said original attorney, his payment in full for services rendered by him; that the amended proceeding brought by the original attorney for the appointment of a special guardian and referee was without the said committeeman's knowledge, consent, or authority; that another attorney had been retained by him, and had brought a new proceeding, in strict accordance with the requirements of the statute, and upon due legal notice to all interested parties, for an order allowing the committee to make and state the account, for the judicial settlement of the same, and, upon said settlement, for an order allowing the petitioning committeeman to resign and release the sureties, and for the appointment of a special guardian for the incompetent. An examination of the papers upon which the new proceeding was brought by the new attorney shows that every requirement of the statute as to form of application and notice to parties has been strictly complied with. It is made upon a new resignation of the committeeman, and upon his new petition reciting his appointment and qualification, all of the facts as to the incompetent and her next of kin necessary to bring them within the jurisdiction of the court, a disagreement among the members of the committee to the detriment of the trust fund, and the institution and irregularity of the former proceedings. Then the original attorney obtained an order directed to the said resigning and petitioning committeeman to show cause why the former order to show cause and stay of proceedings obtained for the said committeeman by his new attorney should not be vacated and set aside. The said order was granted on the affidavit of the original attorney reciting the facts already referred to as to the institution and irregularity of the former proceeding, the amended proceeding brought by him, the authorization to him by two of the committee to continue the proceedings. All of these applications, based upon notice of motion

and order to show cause as aforesaid, were made returnable at the one time, and are now before the court for decision. The complicated situation is evidently due to an unfortunate disagreement among the members of the committee, encouraged by that litigious spirit of their attorneys which is indicated by their frequent and unnecessary applications. Under such circumstances the paramount duty of the court while deciding the petty controversies between the parties and the attorneys is to see that the rights and interests of the incompetent do not suffer. In deciding all of these applications it is only necessary for the court to consider and determine the regularity and priority in law of the two new proceedings,—the one brought by the original attorney and the one brought by the new attorney of the resigning and petitioning committeeman. All of the questions raised upon the other applications are subordinate to and dependent upon this. A careful reading of all the papers, including the lengthy affidavits finally submitted, renders it evident that the application made by Mr. Stetzner by notice of motion, dated April 9, 1900, and returnable April 19, 1900, and upon petition of the resigning committeeman, verified April 9th, is the one upon which the court must proceed. All of the proceedings, including the accounting, arise from the resignation of said committeeman, and were instituted by his petition. The new application by his new attorney is expressly authorized by him; whereas the amended proceeding by the original attorney is without his knowledge, consent, and authority, and against his wishes. If the court would litigate the controversy between attorney and client, and hold the committeeman to his original retainer, it must be remembered that in this case the allegation by the committeeman that the attorney has been fully paid for his services has not been denied by the latter, and the committeeman would then have the undoubted right, which he evidently exercised in this case, of providing against the mistakes and delays which had occurred, by the retention of a new attorney of whose ability and integrity he had no question, and by the institution of new and proper proceedings. Again, the new application by the new attorney conforms strictly with the requirements of section 2342 that notice of application for accounting be given in the manner in which, and to the persons to whom, notice is required to be given by sections 2323a and 2325; whereas the amended proceeding does not strictly comply with this requirement, being an application for the appointment of a special guardian and referee to correct the former proceeding, of which the incompetent had no notice, and was not subject to the jurisdiction of the court therein. The new application by the new attorney for the resigning committeeman is made upon the required notice to all the parties specified in the Code; whereas the amended proceeding by the original attorney, though based upon the petition of one of the committeemen, is founded upon no notice to the others; and, though the appearance of the next of kin by attorney is admitted and recited, the papers show no proof of service of notice of the application upon said attorney. While such notice and proof may not have been strictly required by the Code, yet proper and regular practice invariably requires it. Again, the proceedings by the original at-

torney are open to the possible objection suggested by the court of appeals in Gridley v. College, 137 N. Y. 330, 33 N. E. 321, in which case the court says:

"We do not deem it important now to determine whether the proceedings would be absolutely void and a nullity if no notice whatever had been given to the idiot of any of the proceedings instituted. * * * They would have been invalid undoubtedly in the sense that they would have been set aside as irregular upon the application of any person who had a right to be heard."

Finally, the petitioner and resigning committeeman is, it appears from the papers, the member of the committee who furnished its large bond, and who, therefore, is most interested in the settlement of the committee's accounts, and the court should not deny him the right to institute by a new attorney, of whose ability and character he is satisfied, proceedings in strict conformity with the statute, in place of former irregular proceedings, and unauthorized new application by an attorney in whom he has lost confidence, and whom he has fully paid for his former services. It will be noticed that none of the parties impeached the accuracy of the account filed by the committee, and that the accounting is desired by all. It would be improper for the court to restrain the original attorney from all further participation in the proceedings, since he has the express authorization of two of the committee to continue to represent them. For the above reasons the former proceedings before the referee should be discontinued, vacated, and set aside; the application by the resigning committeeman made upon the notice of motion dated April 9, 1900, and proof of service thereof, and upon his petition verified April 9, 1900, should be and is granted by the appointment of Thomas Allison, Esq., as referee, to take and state the account of the committee, and by the appointment of Stephen H. Keating, Esq., as special guardian of the incompetent; and the original attorney is stayed from prosecuting the original proceedings and the amendatory application. All other motions are denied. At the hearing before the referee the petitioning committeeman may appear by his new attorney, and the other committeemen by their attorney, and it will be the duty of the referee and of the special guardian to see, according to the proceedings on the reference, whether or not the cost of the many controversies in this proceeding, and of the legal services rendered therein, should be borne by the estate of the incompetent, or the committeemen personally.

Ordered accordingly.