SISCO v. MARTIN.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

VENDOR AND PURCHASER—SUFFICIENCY OF TITLE—WILLS—ADMISSION TO PROBATE—JURISDICTION—DECREE—RECITALS.

Code Civ. Proc. § 2473, declares that, where the jurisdiction of the surrogate's court to admit a will to probate is drawn in question collaterally, and the necessary parties were duly cited or appeared, the jurisdiction is presumptively, and, in the absence of fraud or collusion, conclusively, established by an allegation of the jurisdictional facts, and the fact that the parties were duly cited is presumptively proved by recital to that effect in the decree. Held, that where, in a suit to recover a deposit on a contract for the sale of lands on the ground that title derived under a will was defective in that when the will was admitted to probate no proof of service on the next of kin was on file, judgment in favor of defendant was proper, it not being alleged nor proved that the decree did not contain the recital of service of the citation on such next of kin.

Appeal from special term, Kings county.

Action by George H. Sisco against Ellen T. Martin. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, JENKS, and SEWELL, JJ.

Arthur Hurst, for appellant.
Charles Melville Weeks, for respondent.

JENKS, J. This is an appeal from a judgment dismissing the
complaint at the trial of an action to recover a deposit paid upon
a contract for the sale of lands and the expenses of examination
of title. The plaintiff rejected the title on June 13, 1898, upon the
ground that, though it was derived through the will of Gould, ad-
mitted to probate by the surrogate on January 31, 1898, there was
no proof of service of citation upon Homer and Culmenique, next of
kin and heirs at law, nor appearances by them. It appears that
an order was made by the surrogate on December 8, 1897, directing
service of said citation upon Homer and Culmenique by publica-
tion, or personally without the state, and that proofs of service by
publication were in existence on June 13, 1898, duly executed, and
ready for filing, and that said proofs were filed in the office of the
surrogate on June 16, 1898, together with an order of the surrogate
that they be filed nunc pro tunc as of January 31, 1898. I am of
opinion that Mr. Justice Marean was right, and that the judgment
should be affirmed. In Kelly v. West, 80 N. Y. 139, the objection
that the letters of administration were void because they were issued
without citing the widow and without her renunciation was over-
ruled for the reason that the surrogate had jurisdiction, and hence
the statute made the letters of administration conclusive evidence
of the authority of the persons to whom they were granted until
revoked or set aside. This authority was cited and approved in
O'Connor v. Huggins, 113 N. Y. 511, 517, 21 N. E. 184. In Wetmore
v. Parker, 52 N. Y. 450, there was objection that the surrogate had
no jurisdiction to admit the will to probate because the service of
the citation and proof thereof were made by one of the executors;
but the court held that the probate could not be attacked collat-
erally for such an irregularity. It is conceded that service had
been duly directed by publication, or by personal service outside
of the state, that the persons in question had been served, and that
the proof thereof was in existence on June 13, 1898, duly executed,
and ready for filing. In O'Connor v. Huggins, supra, it is held that
the surrogate was "not confined to any form of procedure, or to
any mode of proof, in acting upon an application for letters." Non
constat that such proof had been submitted to the learned surro-
gate previous to his decree for probate. In O'Connor v. Huggins,
supra, it is held that, although surrogates' courts are established
as of special or limited jurisdiction, yet they possess a general and
exclusive jurisdiction to order administration, and, where jurisdic-
tion to act exists, their orders or decrees are conclusive until re-
voked or reversed. In re Hood, 90 N. Y. 512. It will be presumed
upon collateral attack that the court acted correctly, and with due
authority, and that its judgment is "as valid as though every fact
necessary to jurisdiction affirmatively appeared." Gridley v. Col-

lege, 137 N. Y. 327, 331, 33 N. E. 321. It is neither alleged nor proved at the trial that the decree did not contain the recital of due service of the citation, and no proof was offered "to show that the court did not in fact acquire jurisdiction." Gridley v. College, supra. Such recitals are made presumptive, and, in the absence of fraud or collusion, conclusive, evidence. Section 2473, Code Civ. Proc. It appears that the examining counsel found in the course of the examination of the title that there was absence from the files of proof of service upon these heirs. I am inclined to think that under the authorities he was not justified to rest merely upon this discovery, and then to allege that this defect was sufficient ground for a rejection of the title, but was bound to "exercise the reasonable care and diligence of a good and faithful expert in that business, to ascertain the defendant's true title." Moot v. Association, 157 N. Y. 201, 208, 52 N. E. 1; Grace v. Bowden, 10 App. Div. 541, 42 N. Y. Supp. 60.

The judgment must be affirmed, with costs. All concur.