SOULES, GUARDIAN, *v.* ROBINSON ET AL.

[No. 19,782.    Filed February 20, 1902.]

INSANE PERSONS.—*Appointment of Guardian.*—*Collateral Attack.*—In a collateral attack upon the judgment of the circuit court declaring a person of unsound mind, and appointing a guardian for him, it will be presumed that the court acquired jurisdiction of the person of the defendant before rendering the judgment, where the record is silent as to notice or his appearance or presence in court. *p. 99.*

SAME.—*Appointment of Guardian.*—*Action to Set Aside.*—A judgment of the circuit court adjudging a person of unsound mind gave such court jurisdiction to appoint a guardian of his person and estate, and one appointed as guardian of such person by the court of another county cannot maintain an action to set aside the former judgment and appointment of guardian. *pp. 99–101.*

From Clay Circuit Court; *S. M. McGregor,* Judge.

Action by James Soules as guardian of Cassius E. Reeves, a person of unsound mind, against Frederick J. S. Robinson and another to set aside defendants' appointments as guardians for said Reeves. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*S. R. Hamill, J. L. Price* and *F. S. Rowley,* for appellant.

*G. A. Knight* and *F. J. S. Robinson,* for appellees.

MONKS, J.—This case was transferred from the Appellate Court under clause two of §10, of the act of 1901, Acts 1901, p. 567, for final determination.

In September, 1882, the Clay Circuit Court, in a proceeding brought for that purpose, under §§2544-2555 R. S. 1881, adjudged that Cassius E. Reeves was a person of unsound mind and incapable of managing his estate. The record of said cause in which said Reeves was adjudged a person of unsound mind is entirely silent as to the presence of said Reeves in court, or his appearance to said action, or as to any notice being given to or served upon him. At the

same time the court appointed Cyrus Reeves guardian of said Cassius E. Reeves upon his giving bond as such guardian in the sum of $100. On the 9th day of July, 1886, said Reeves filed his bond in said sum, which was duly approved. On January 30, 1890, said guardianship trust was, by order of the court, stricken from the docket of said court. Afterwards, in May, 1890, while the Clay Circuit Court was not in session, the judge of said court at chambers ordered that said trust be reinstated upon the docket, and that the bond of the guardian of said Cassius E. Reeves be fixed at $25,000, and said Cyrus Reeves failing to give said bond in the sum of $25,000, an order of court was made and entered of record removing him as such guardian, and appointing appellee, Frederick J. S. Robinson, guardian of the person and estate of said Cassius E. Reeves. Said Robinson executed his bond as such guardian in the penalty of $25,000, which was approved, and letters of guardianship were issued to him. Afterwards, in October, 1891, he executed an additional bond as such guardian in the sum of $25,000, which was duly approved. Since said appointment said Robinson has acted as guardian of the person and estate of said Reeves, which estate is of the probable value of $17,000.

Appellant, who alleges that he is the guardian of said Cassius E. Reeves, a person of unsound mind and incapable of managing his estate, in 1897 brought this action against appellees, each of whom had been respectively appointed guardian of the said Reeves by the Clay Circuit Court, as heretofore stated, to set aside said appointments, and also to set aside the judgment of said court declaring that said Cassius E. Reeves was a person of unsound mind, and incapable of managing his own estate. It is alleged in the complaint that said Cassius E. Reeves, at the time said proceedings were commenced and the judgment rendered in the Clay Circuit Court, was an inhabitant of Vigo county, Indiana, and not of said Clay county; that no notice was ever given said Reeves of said proceedings, by summons or otherwise,

and he had no notice thereof; that he never appeared to said proceeding in person or by attorney, and was not produced in open court at the trial of said cause, nor was there any entry of record showing that the court was satisfied that he could not be produced in court without injury to his health.

It will be observed that the record of the judgment and proceedings in the Clay Circuit Court in which said Reeves was declared of unsound mind is entirely silent as to any appearance of said Reeves thereto, or as to his presence in court, or as to any notice being given to or served upon him.

As the Clay Circuit Court is a court of general jurisdiction and had jurisdiction of the subject-matter of such proceedings, it will be presumed under such circumstances, as against collateral attack, that it acquired jurisdiction of the person of said Reeves before rendering the judgment. *Gridley* v. *College,* 137 N. Y. 327, 33 N. E. 321; *King* v. *Bell,* 36 Ohio St. 460, 470; *Shroyer* v. *Richmond,* 16 Ohio St. 455, 456; *Heckman* v. *Adams,* 50 Ohio St. 305, 315, 318, 34 N. E. 155; *Bush* v. *Lindsey,* 24 Ga. 245, 248, 71 Am. Dec. 117; *Warner* v. *Wilson,* 4 Cal. 310; *Ockendon* v. *Barnes,* 43 Iowa 615; notes to *State* v. *Billings,* 43 Am. St. 534-537; notes to *Balton* v. *Schriever,* 18 L. R. A. 242, 243; Woerner's Am. Law of Guardianship, pp. 111, 112, 389, 446, 447; 1 Woerner's Am. Law of Administration, §145; Freeman on Judgments (4th ed.), §124; *Dequindre* v. *Williams,* 31 Ind. 444; *Bruce* v. *Osgood,* 154 Ind. 375, 377, 378, 379; *Cunningham* v. *Tuley,* 154 Ind. 270; *Long* v. *Ruch,* 148 Ind. 74, 78; *Earle* v. *Earle,* 91 Ind. 27, 42; *Clark* v. *Hillis,* 134 Ind. 421, 426, 427, and cases cited.

It is a general rule that, when want of notice does not affirmatively appear from the face of the record of a court of general jurisdiction, the judgment is not void. *Clark* v. *Hillis,* 134 Ind. 421, 427; *Palmerton* v. *Hoop,* 131 Ind. 23; *Earle* v. *Earle,* 91 Ind. 27. It is evident that said judgment of the Clay Circuit Court is not void, and is not, therefore, subject to collateral attack. *Lee* v. *McClelland,* 157 Ind.

84, and cases cited. In such a case, if there was in fact no appearance, and the subject of the inquiry was not produced in open court, nor any notice given to or served upon him, and the record is silent as to such matter, although the judgment is not subject to collateral attack, it may be set aside by the court in which it was rendered on the application of any person who has the right to be heard. Note to *State* v. *Billings,* 43 Am. St. 534, 536; *Gridley* v. *College,* 137 N. Y. 327, 330, 33 N. E. 321; *Matter of Blewitt,* 131 N. Y. 541, 30 N. E. 587. See, also, *Dickerson* v. *Davis,* 111 Ind. 433, 435, 436, 437, 438, and authorities cited.

It is insisted by appellees that this proceeding brought by appellant is a collateral attack on said judgment of the Clay Circuit Court, and that said judgment not being void, this action must fail. Treating this action as a direct attack on said judgment as claimed by appellant, he has no right to maintain it. The judgment of the Clay Circuit Court declaring said Reeves a person of unsound mind gave that court jurisdiction to appoint a guardian of the person and estate of said Reeves. §2546 R. S. 1881. When Cyrus Reeves was appointed such guardian, and executed his bond as required, and letters of guardianship issued, he was entitled to the custody of his ward, and such guardianship extended to all the ward's property in this State. §§2512, 2551 R. S. 1881.

Even if the removal of said Reeves as guardian, and the appointment of Robinson as guardian in 1890, were void, the jurisdiction would remain in said court until ended by the death of said ward, or his return to sanity and the determination of that fact by the Clay Circuit Court under the provisions of §2773 Burns 1901, §2553 R. S. 1881.

Said judgment, not being void, fixed the status of the said Cassius E. Reeves in this State as a person of unsound mind, and incapable of managing his own estate, and as one under guardianship, and the same is conclusive until set aside. *Talbot* v. *Chamberlain,* 149 Mass. 57, 59, 20 N. E. 305, 3

L. R. A. 254, 256; *Leonard* v. *Leonard,* 31 Mass. 280, 283, 284; *Shroyer* v. *Richmond,* 16 Ohio St. 455, 465, 466; Woerner's Am. Law of Guardianship, 446, 447; *Heckman* v. *Adams,* 50 Ohio St. 305, 315, 318, 34 N. E. 155.

Under said judgment, the Clay Circuit Court had exclusive jurisdiction of said guardianship until the same was vacated and set aside on appeal, or by said court in a proceeding brought for that purpose. Woerner's Am. Law of Guardianship, pp. 386, 446.   So long as said judgment stands unrevoked, any proceeding under §§2544-2555 R. S. 1881, in any other county in the State, as to the unsoundness of mind of said Cassius E. Reeves, which results in either the appointment of a guardian, or a judgment that said Reeves was of sound mind, would be void, and would in no way affect the judgment of the Clay Circuit Court, or its jurisdiction of said guardianship.   *Cotton* v. *Wolf,* 77 Ky. 238, 246; *In re Griffith,* 84 Cal. 107, 110, 23 Pac. 528, 24 Pac. 381; 1 Thornton & Blackledge, Administration of Estates, 44; Woerner's Amer. Law of Guardianship, p. 386. This is true because the judgment of the Clay Circuit Court, not being void, fixed the status of said Reeves as a person of unsound mind, and as being a person under guardianship, and that status can only be changed by the court which rendered said judgment in a proper proceeding.   Moreover, there can not be two guardianships of the same person and property in this State at the same time.

It follows that the judgment in the proceeding in which appellant was appointed guardian of said Reeves, and also his appointment as such guardian, were void.   He can not, therefore, maintain this action.

Judgment of the trial court affirmed.