Howard J. Conyne, Plaintiff, *v.* Thomas McGibbon, Defendant.

Supreme Court, Montgomery County, July 6, 1942.

*Ferris, Burgess, Hughes & Dorrance (W. Chase Young* of counsel), for plaintiff.

*Chandler S. Knight (Coleman Taylor* of counsel), for defendant.

Imrie, J. Defendant moves under rule 113 of the Rules of Civil Practice for an order "directing that judgment be entered herein dismissing the complaint on the ground that the action has no merit, and that the plaintiff is not the real party in interest to, and has no right, title or interest in the property of Florence L. Conyne, and for such other and further relief as to this Court may seem just and proper."

Rule 113 provides, obviously, a drastic remedy; one seeking its relief must bring himself clearly within the provisions of the rule.

Defendant's ground for relief under that rule, if any, is found in the paragraph thereof reading as follows, "Where an answer is served in any action setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established *prima facie* by documentary evidence or official record, the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record."

Defendant's answer contains numerous specific denials of allegations of the complaint and, in addition, eight separate defenses.

By affidavit the plaintiff shows facts which are sufficient to raise an issue with respect to the allegations of the complaint that the defendant committee had not properly accounted for all of the funds of the plaintiff received by him (although it may be granted that the amounts involved are relatively minor when compared with the size of the estates).

In the main, defendant's defenses which are based upon documentary evidence or official records, while perhaps establishing certain facts *prima facie,* are not, in my opinion, "sufficient as a matter of law."

By such defenses, defendant attempts to show several intermediate accountings as committee of plaintiff and plaintiff's wife; each accounting had, so it is contended, pursuant to an order allowing the same and being settled by an appropriate order. From these, he argues that, the accountings having been regularly had, allowed and settled, they are conclusive and binding upon the plaintiff; that, this action being a collateral and not a direct attack on the accounting proceedings, the latter are also immune from attack as fraudulent unless such fraud was extrinsic in nature.

Plaintiff asks to have the orders settling the various accounts vacated, and the accounts re-examined. This is a direct and not a collateral attack upon such orders. "To constitute a direct attack upon a judgment it is necessary that a proceeding be instituted for that very purpose. But if the action has an independent purpose, and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral and falls within the rule. On the other hand, a complaint alleging that a judgment is void, but is apparently a lien upon land described, is said by that author

[Black on Judgments] to be a direct, and not a collateral, attack upon it.'' (*Warren* v. *Union Bank of Rochester,* 157 N. Y. 259, 276.)

There was a substantial defect in all of the defendant's accounting proceedings which I believe to be sufficiently grave to cause them to be set aside, quite apart from plaintiff's contention that, while the statute requires such proceedings to be before the court, all the several orders were made by a judge out of court.

Section 1381 of the Civil Practice Act provides that, for an intermediate accounting of a committee, notice of the filing of an intermediate account, pursuant to a permissive order, and of the application for the judicial settlement thereof, shall be given in the manner in which and to the persons to whom notice of application for the appointment of a committee is required to be given by the same article. Section 1360 states that the court *must* require notice of the presentation of a petition for the appointment of a committee to be given to the husband or wife, if any, or to one or more relatives of the person alleged to be incompetent, or to an officer authorized by law to present such a petition. Section 1374, which applies where the alleged incompetent is an inmate of a State institution, as with this plaintiff and his wife, requires that notice of the presentation of such petition shall be *personally given to such person* and *also to the husband or wife,* if known to the petitioner, or if none is known to the petitioner, to the next of kin named in the petition, *and to the officer in charge of the institution in which such person is an inmate, unless sufficient reasons for dispensing therewith are set forth in the petition or shown by affidavit.*

There was no attempt to comply with any of these requirements, beyond a letter to the superintendent of the hospital (in no manner a notice of hearing) containing a copy of the account; nor was there any allegation of a reason why the required notice should be dispensed with in any instance; nor was there any order directing that such notice be dispensed with. The only notice given and directed to be given was to the surety on defendant's bond.

It may be contended that such failure to give notice was merely an irregularity. (*Matter of Demelt,* 27 Hun, 480; *Matter of Rogers,* 9 Abb. N. C. 141.) I think it was of such a nature and under such circumstances that it was jurisdictional and that neither plaintiff nor his wife was or is concluded thereby.

In any event, the failure to comply with the statute clearly leaves the plaintiff in a position to seek to have the accounting

proceedings re-opened, to give him his day in court. (*Matter of Bellenger*, 32 Misc. Rep. 414; *Matter of Clark*, 31 Misc. Rep. 339; *Matter of Blewitt*, 131 N. Y. 541, 546; *Gridley* v. *College of St. Francis Xavier*, 137 N. Y. 327; *Matter of McCusker*, 32 Misc. Rep. 47.)

An incompetent is a party interested in proceedings relating to his person or property. His insanity is no reason for not giving him the required notice. The law anticipates notice to him of such proceedings unless there are peculiar circumstances which may render it improper or unsafe to give him such notice, in which event the facts should be stated to the court, so that such notice might be directed to be dispensed with. (*Matter of Tracey*, 1 Paige 580.) "The cases must be very rare in which a notice may not be served on the alleged lunatic, and it seems to us the better practice would be to require service of notice upon the party (if within the jurisdiction) in all cases, in addition to notice to relatives and others, as required by section 2325 of the Code." (*Matter of Blewitt, supra.*)

The failure to give notice to any of the parties specified in the statute, means that neither plaintiff nor his wife was a party to any of the proceedings relating to their respective estates; that no jurisdiction was acquired; that the proceedings were in no manner binding on either of them, and are subject to being re-opened on proper demand by them or in their behalf.

The point is not well taken that plaintiff has mistaken his remedy by seeking equitable relief. Six accountings have been had in the two estates in slightly over three years; each a separate proceeding. Any review, if it is to be had, should be in one suit.

Historically, as the successor of the Court of Chancery, and by statute, an incompetent becomes a ward of the Supreme Court. (*Matter of Blewitt, supra;* Civ. Prac. Act, § 1356.) The court exercises that obligation through a committee appointed by it. While fruitless and pointless actions should not be encouraged, certainly, one who has been incompetent and been restored to mental health, whose estate has, in the interim, been administered by the court, and who has had no notice of any proceedings nor any opportunity to cause a voice to be raised therein in his own interest, ought not, by a technical and drastic remedy, to be deprived of a day in court.

The matter before me on this motion is whether, on the pleadings and affidavits, defendant should have the complaint dismissed and summary judgment. That relief I deny.

I do not here pass on questions raised as to the sufficiency of plaintiff's allegations of fraud or as to his right to sue in respect to the management of his wife's estate, as being unnecessary in the light of my reasons already set forth and because their separate treatment does not seem to fall within the scope of this motion or of the relief provided under rule 113.

Defendant's motion is denied with costs. Plaintiff's cross-motion for a reference is denied, but without prejudice to making such motion at a later date.