No. 14,932.

GREENWALDT ET AL. *v.* MAY.

EXECUTION.—*Judgment Obtained by Fraud.*—A party who pays a claim and enters into an agreement providing for the dismissal of the action brought on the claim is guilty of a fraud if he subsequently causes witnesses to be subpœnaed and costs to be taxed against his adversary.

SAME.—*Judgment for Costs.*—*Injunction.*—Equity will enjoin the collection of a judgment so obtained before a justice of the peace, as a justice of

the peace has no authority to review his own judgment on the ground of fraud, and injunction is the only adequate remedy.

From the Noble Circuit Court.

*O. L. Ballou, H. G. Zimmerman* and *F. M. Prickett,* for appellants.

*P. V. Hoffman,* for appellee.

ELLIOTT, J.—The appellee brought this suit to enjoin the collection of an execution issued by a justice of the peace, and obtained a perpetual injunction.

The facts as they appear in the special finding may be thus summarized: The appellee sued out a *capias ad respondendum* against the appellant, on which the latter was arrested and brought before the justice of the peace by whom the writ was issued. Various intermediate steps were taken in the case, but it is not important to notice them in detail. On the 24th day of September, 1887, the appellant paid the claim on which the action wherein the writ was issued was founded, and at that time the appellee agreed to dismiss the action. After the payment of the claim, and after the agreement to dismiss was made, the appellant caused a subpœna to be issued for three witnesses, all members of his own family and residents of a county adjoining the one in which the action was brought. The appellee did not see the justice of the peace until the 5th day of October, 1887, the day prior to the time the cause was set for trial, and the justice of the peace then informed him that the subpœna had been issued, whereupon the appellee informed the justice of the agreement to dismiss the case, and directed him to enter a judgment dismissing it at his, the appellee's, costs. On the 6th day of October the appellant appeared with his witnesses, and, finding that an entry of dismissal had been made, caused the witnesses he had subpœnaed to demand their fees and mileage. The justice taxed fees, mileage and costs, as directed by the appellant. Before the commencement of the present suit the appellee paid all fees and costs except the

fees and costs of the witnesses just mentioned. The appellant caused the execution which is sought to be enjoined to be issued for the purpose of enforcing collection of the costs and fees taxed after the order of dismissal was entered.

In our opinion the appellee was entitled to the relief awarded him. The judgment for costs was procured by fraud. A party who pays a claim and enters into an agreement providing for a dismissal of the action brought on the claim is guilty of a fraud if he subsequently causes witnesses to be subpœnaed and costs to be taxed against his adversary. *Nealis* v. *Dicks*, 72 Ind. 374; *Johnson* v. *Unversaw*, 30 Ind. 435; *Stone* v. *Lewman*, 28 Ind. 97; *Pearce* v. *Olney*, 20 Conn. 544; *Chambers* v. *Robbins*, 28 Conn. 552; *Rogers* v. *Gwinn*, 21 Iowa, 58; *Hibbard* v. *Eastman*, 47 N. H. 507. As the judgment for costs was obtained by fraud, equity will enjoin its collection, for the justice of the peace had no authority to review his own judgment on the ground of fraud. A justice of the peace possesses no equity jurisdiction and can not set aside or annul his judgment, except in the mode provided by statute, and the statute does not authorize him to review a judgment. *Ainsworth* v. *Atkinson*, 14 Ind. 538; *Snell* v. *Mohan*, 38 Ind. 494; *Richards* v. *Reed*, 39 Ind. 330; *Doyle* v. *State, ex rel.*, 61 Ind. 324; *Brown* v. *Goble*, 97 Ind. 86. The jurisdiction of equity was rightly invoked in this instance for the reasons that there was fraud and that there is no adequate remedy at law. If the original action had been brought in a court invested with jurisdiction to correct or review its own judgments and orders we should have a very different question. Here, however, the appellee could not secure relief before the justice of the peace, and we must adjudge that it can be awarded him by equity, or else we must adjudge that he is remediless. The case of *Martin* v. *Pifer*, 96 Ind. 245, is not in point, for the reason that in this

case the judgment was obtained by fraud and was entered after the action had been dismissed.

If there had been a trial in this case a different question would arise, but there was no trial, for the order on which the execution issued was entered after the plaintiff had dismissed his action.

Judgment affirmed.

McBRIDE, J., did not take part in the decision of this case.

Filed April 1, 1891.