Berry *v.* Berry.

---

BERRY *v.* BERRY.

[No. 17,962.    Filed March 9, 1897.]

VENUE.—*Change of in Application to Have Person Declared of Unsound Mind.—Statute Construed.*—The provisions of the civil code as to change of venue applies to the appointment of guardians for persons of unsound mind as provided by section 2715, *et seq.*, Burns' R. S. 1894, as amended by act of 1895 (Acts 1895, p. 205). *pp. 177–180.*

ACTION.—*Application for Appointment of Guardian for Person of Unsound Mind.—Nature of Action.*—An application to have a guardian appointed for a person of unsound mind is not an *ex parte* proceeding but is adversary, and notice is indispensable unless waived. *p. 179.*

GUARDIAN.—*Appointment for Person of Unsound Mind.—Change of Venue.*—Where a change of venue has been taken in a proceeding to have a guardian appointed for a person of unsound mind the court trying the cause must make the appointment of the guardian. *p. 180.*

From the Howard Circuit Court. *Affirmed.*

*C. N. Pollard* and *Swoveland & Pyke,* for appellant.

*Fippin & Purvis* and *Elliott & Overton,* for appellee.

HACKNEY, J.—The appellee, by petition to the Tipton Circuit Court, sought to secure the appointment of a guardian for the appellant, an inhabitant of said county, upon an allegation that he was a person of unsound mind and incapable of managing his own estate. Upon the application of the appellee a change of venue was granted, over the objection and exception of the appellant, and the cause was certified to the Howard Circuit Court, wherein a trial was had, resulting in a finding and decree in favor of the petitioner and the appointment, by the latter court, over the appellant's objection and exception, of a guardian for him.

The right to a change of venue, and the power of the court to which the change was had to appoint a guardian are the only questions presented in this court.

The theory of the appellant is that the statute, section 2715, Burns' R. S. 1894, *et seq.,* as amended, (Acts 1895, p. 205), affords a special remedy for the appointment of guardians for persons of unsound mind, and that as no provision is made by the statute for a change of venue, none was allowable. The argument is, that the provisions of the civil code as to change of venue, do not apply in the enforcement of such special remedy; that the proceeding contemplated is in no sense a "civil action" within the meaning of that term as employed in section 416, Burns' R. S. 1894, providing for a change of venue in any "civil action," nor as the same is employed in section 249, Burns' R. S. 1894, which provides that "There shall be no distinction in pleading and practice between actions at

VOL. 147—12

law and suits in equity; and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action."

It is true, that the statute in question is special in that it relates to a special subject, and it is true that it does not define the procedure for the enforcement of the remedy given, further than to direct that it shall be by petition, addressed to the probate jurisdiction of the court, and by an answer in denial, filed by the clerk of such court, and that the "issue shall be tried as the issues in civil actions are tried, by the court or by a jury, to be impaneled," etc.

If it should be held that the requirement that the "issue shall be tried as the issues in civil actions are tried" has no reference to the general procedure provided by the civil code, and that the practice under the code would not otherwise obtain, the appellant's standing in this court would be in serious doubt since the special act does not provide for motions for new trials, bills of exceptions, or other method of reserving questions, nor for appeals, and these elements of procedure employed by the appellant, would be without sanction or authority.

In our opinion, however, it was the intention of the legislature, in the amendment to the statute, *supra*, to give recognition in such cases to the practice in civil actions, as the same is known under the code, excepting in those respects in which the practice is specially pointed out in the act.

If such intention were not manifest from the language of the act, the appellee contends that the general rule is, and was, when the amendment was enacted, that where a right or remedy is declared by special enactment, and the procedure for the enforcement thereof is therein also declared, that procedure

must be observed, while if the procedure for the en· forcement thereof is not so specially enacted, the rules of practice defined by the code are deemed to have been intended to apply. *Lester* v. *Lester, Exr.,* 70 Ind. 201; *Burkett* v. *Holman,* 104 Ind. 6; *Powell* v. *Powell,* 104 Ind. 18; *Crume* v. *Wilson,* 104 Ind. 583; *Evans* v. *Evans,* 105 Ind. 204; *Baker* v. *State, ex rel.,* 109 Ind. 47; *Scherer* v. *Ingerman, Admr.,* 110 Ind. 428; *Jaseph* v. *Schnepper,* 1 Ind. App. 154; *Burkett* v. *Bowen,* 118 Ind. 379; *Bass* v. *Elliott,,* 105 Ind. 517, are cited in support of this contention.

The principal case relied upon by the appellant is that of *Galbreath* v. *Black,* 89 Ind. 300, where it is said that such proceeding as the present "is not, in any sense, an action within the meaning of the civil code;" that it "is an *ex parte* proceeding under a special stat· ute, and has few of the qualities or attributes of a civil action," and that the statute "does not require any notice  *  *  *  to the alleged insane person." It was concluded therefore, that a petitioner was powerless to dismiss his proceeding. We have no occasion to disagree with the conclusion there reached, but it is certain that more recent decisions hold that such proceedings are not *ex parte,* but are adversary, and that notice is indispensable unless waived. *Martin* v. *Motsinger,* 130 Ind. 555; *Jessup* v. *Jessup,* 7 Ind. App. 573. It has been held by this court also that an action "is any judicial proceeding which, conducted to a termination, will result in a judgment," and that a civil action "is an action wherein an issue is pre- sented for trial, formed by the averments of the com- plaint, and the denials of the answer, or the replica- tion to new matter, and the trial takes place by the in- troduction of legal evidence to support the allega- tions of the pleadings, and a judgment in such an ac- tion is conclusive upon the rights of the parties, and

could be plead in bar." *Evans* v. *Evans*, 105 Ind. 204, citing *Deer Lodge Co.* v. *Kohrs*, 2 Mon. 66, 70.

While there is much strength in the contention of the appellee, as stated, and the authorities supporting it, and while the reasoning in the case of *Galbreath* v. *Black, supra,* has lost much of its force from the more recent holdings, it seems to us not necessary, in view of the amendatory act cited, to attempt to reconcile the holdings, or to overrule that case. We think there can be little doubt that by that amendment the legislature intended that the issue in proceedings of this nature should "be tried as the issues in civil actions are tried;" not merely with reference to the choice of trial by the court or by a jury, but with reference to such incidents of the trial as are not expressly pointed out in the act. This conclusion is not in conflict with the intention manifested in the requirement that the proceeding shall be instituted in the county where the person alleged to be of unsound mind resides. If it were, the same could be said of most cases; for, with reference either to the location of person or property, all actions and suits must be so brought.

If we have not erred in holding that a change of venue may be had in such proceeding it would seem to follow that the court trying the cause must make the appointment of the guardian.

As said in *Chicago, etc., R. W. Co.* v. *St. Clair*, 144 Ind. 371, "By force of the change of venue any decree or judgment as to property or person becomes binding as to property as well as to person, the same as if rendered in the county in which the suit originated." It was there further said that when the venue is changed "the parties impliedly, as well as by necessary operation of law, submitted to the jurisdiction of that court all incidental personal property rights."

The judgment of the court below, properly we think,

appointed as guardian a resident of Tipton county, and required his bond and reports to be made to the circuit court of said county.

Judgment affirmed.