## ASBURY v. FRISZ.

[No. 18,195. Filed May 25, 1897. Rehearing denied October 12, 1897.]

JUDGMENTS.—*Declaring a Person of Unsound Mind.—Setting Aside for Fraud.*—A judgment that a person is of unsound mind and incapable of managing his estate will be set aside as fraudulent where it is shown that the same was procured by falsely representing that the person alleged to be insane was confined in a hospital, and could not be produced in court without injury to his health. *pp. 517, 518.*

SAME.—*May be Attacked for Fraud by a Direct Proceeding.*—A judgment procured by fraud may be attacked directly, and set aside in a proceeding instituted for that purpose. *p. 518.*

From the Vigo Circuit Court. *Reversed.*

*Josiah T. Walker,* for appellant.

*S. C. Stimson, R. B. Stimson* and *H. A. Condit,* for appellee.

HOWARD, J.—This was an action to annul a judgment. The court sustained a demurrer to the complaint, and this is the only ruling assigned as error.

It is alleged in the complaint that, on April 17, 1895, the appellee filed his verified petition in the court below, stating therein that this appellant, "Jerome Asbury, is a resident of Vigo county, State of Indiana, and that he is of unsound mind and incapable of managing his own estate, and is now temporarily in the insane hospital at Indianapolis, Indiana, and that said Jerome Asbury draws a pension from the United States government; that it is necessary to have letters of guardianship and a copy thereof enclosed to and filed in the pension office in order to properly make out his pension voucher and draw said

pension." The complaint asked that appellant be declared of unsound mind and incapable of managing his own estate, and that the appellee be appointed his guardian. May 6, 1895, was fixed as the date when the appellant should appear and answer to the complaint. On May 9, being the 4th day of the May term, both parties were defaulted, and the cause was dismissed at the costs of appellee, judgment being rendered against him. Said May term ended July 13, 1895; and it is alleged in the complaint to annul, that "The records of said court do not show that any steps were taken, or any proceedings had in said cause in said court after said cause was dismissed and judgment rendered against the petitioner therein, on the 9th day of May, 1895, until the 28th day of September, 1895, the same being the twenty-fourth judicial day of the September term of said court, at which time said cause was, without notice of any kind or character to this plaintiff, again placed upon the probate docket of said court. There was no written motion or complaint filed in said court on the 28th day of September, 1895, nor at any other time, asking that the default and judgment taken against the plaintiff therein on May 9, 1895, be set aside, or asking that said cause be reinstated for trial upon the docket of said court, and the records of said court do not show the filing of any such motion or complaint; that said court, on said 28th day of September, 1895, assumed jurisdiction of and in said cause, and, on its own motion without notice to this plaintiff, reinstated it on the docket of said court; that after said cause of action was dismissed, this plaintiff gave it no further attention, and at no time thereafter was this plaintiff, by summons or any other means, notified that there would be any further proceedings of any kind or character had in said cause. The records of said court do

not show that plaintiff had any notice of the pendency of said action at any time after said dismissal thereof, May 9, 1895, neither were there any official returns made in or to said court showing that this plaintiff had in any way been served with such process or notice, and this plaintiff never had any such notice."

The proceedings had on September 28, 1895, being the only record made in the case after that of May 9, 1895, are as follows: "No. 2740. [being the same number used in the case filed April 17, 1895]. *In re* Alleged Insanity of Jerome Asbury. Pet. for App. of Guardian.

"Comes now in open court ————————, and files verified petition herein, showing to the court that Jerome Asbury is a resident of Vigo county, State of Indiana, and is a person of unsound mind and incapable of managing his own estate, and prays that a guardian be appointed for the said Jerome Asbury. And the cause being now at issue is submitted to the court for trial, and it appearing to the court that the said Jerome Asbury has been duly served with process ten days before the day set for trial, and comes now the prosecuting attorney and files answer herein, and it being further shown to the court that the defendant is an inmate of the Central Hospital for the Insane at Indianapolis, Indiana, and cannot be produced in court without injury to his health. And the court, after having heard the evidence and being fully advised, finds that said Jerome Asbury is a resident of Vigo county and State of Indiana, and is a person of unsound mind and incapable of managing his own estate. And the court now appoints Joseph W. Frisz guardian of said Jerome Asbury, with a bond fixed at $500.00." Judgment was thereupon entered, in accordance with the finding.

The only complaint ever filed in the case was that

filed April 17, 1895; and it is alleged that the said complaint was never refiled in the court. The docket for the September term shows that the proceedings had on September 28, 1895, when the alleged judgment was entered, were had upon the complaint filed April 17, 1895, the return day of which is shown to have been May 6, 1895.

It is further alleged that on September 28, 1895, the appellee, for the purpose of inducing the court to proceed with the trial of the cause in the absence of this appellant, falsely and fraudulently made the following representations to the court: (1) That the appellant was then of unsound mind and incapable of managing his own estate; (2) that the appellant was then an inmate of the Central Hospital for the Insane at Indianapolis; and (3) that the appellant could not then be produced in court without injury to his health; and that it was by these false and fraudulent representations that the court was induced to proceed with the trial and render judgment against appellant; that, as shown by the records of the Vigo Circuit Court, the appellant had been duly discharged from said hospital as cured, on May 22, 1895, and was never again admitted to said hospital, as an inmate or otherwise; that on September 28, 1895, and for four weeks prior thereto, appellant was engaged in manual labor at Brazil, and was able to attend the trial of said cause without injury to his health; that while so engaged at work he returned home every Saturday evening, and was always seen by appellee before going back to work on the succeeding Monday morning; that the finding of the court in the proceedings of September 28, 1895, "that the said Jerome Asbury has been duly served with process ten days before the day set for trial," had reference to and was based upon the process which was issued April 17, 1895, and

the officer's return thereto showing service of said process for the return day thereof, May 6, 1895.

There can be no question, as we think, that the facts alleged in this complaint show fraud upon the court and upon the appellant, and that the court had no jurisdiction to enter the judgment of September 28, 1895, or to appoint a guardian for appellant. It is clear that the court assumed the right, on its own motion and without notice to appellant to reinstate, at the September term, 1895, the cause which had been set for the May term, 1895, and which had been dismissed and final judgment rendered therein at said May term. It is alleged that no steps were taken, and no proceedings of any kind were had in the cause after the final judgment rendered May 9, 1895, until the proceedings of September 28, 1895. It is apparent, therefore, that the notice issued April 17, 1895, returnable May 6, 1895, could give the court no jurisdiction over appellant at the September term.

But the statute providing what proceedings shall be had before a person may be declared of unsound mind, requires even something more than mere notice to the one who is thus to be deprived, not only of his personal liberty and the control of his property, but also of his place in the community as a rational being. It is declared in section 2715, Burns' R. S. 1894 (2545, R. S. 1881), as amended by the act of March 9, 1895 (Acts 1895, p. 205), that before the trial of such issue shall proceed, "such court shall cause such person to be produced in court." No case could better show the wisdom of such a provision for the protection of the rights of a citizen than does the case at bar, where a citizen, while engaged at his daily toil, was deprived of liberty, property, and even of his legal *status* as a man.

It is true that a subsequent section of the same stat-

utes, section 2717, Burns' R. S. 1894 (2547, R. S. 1881), provides, that "If the court shall be satisfied that such person, alleged to be of unsound mind, cannot, without injury to his health, be produced in court, such personal appearance may be dispensed with." This, however, so far from permitting the trial to take place in the absence of the person whose insanity is to be inquired into, makes it but the more imperative upon the court that he should be present; save only that it cannot be done "without injury to his health;" and of this "the court shall be satisfied." It was particularly in relation to this matter that fraud was practiced upon the court, in the case at bar. It was represented that the appellant was confined in the Insane Hospital at Indianapolis, and could not be produced in court without injury to his health, whereas, at the very time, he was at work every day in Brazil, and, of course, fully able to attend court. Moreover, this fact was well known to appellee, who saw him every week between his return home on Saturday evening and going to work on Monday morning. Had the appellant been produced in court it is scarcely conceivable that he should have been deprived of his liberty and his property, and placed in custody of the appellee.

Even then, without considering the question of notice, but solely on the ground of fraud in the misrepresentation respecting the ability of the appellant to be present at the trial, the judgment must be reversed.

That a judgment procured by fraud may be attacked directly and set aside in a proceeding instituted for that purpose, has often been decided. *Nealis* v. *Dicks*, 72 Ind. 374; *Earle* v. *Earle*, 91 Ind. 27; *Brown* v. *Grove*, 116 Ind. 84, 9 Am. St. 823; *Brake* v. *Payne*, 137 Ind. 479; *Kirby* v. *Kirby*, 142 Ind. 419, and numerous authorities there cited.

The judgment is reversed, with instructions to over-rule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.