## Cook *v.* Cook.

[No. 11,851. Filed November 13, 1923. Rehearing denied January 31, 1924. Transfer denied March 14, 1924.]

1. GUARDIAN AND WARD.—*Infirm Persons.*—*Change of Venue.*— *Jurisdiction of Court.*—In a proceeding for the appointment of a guardian for a person incapable of managing his estate by reason of infirmity, where a change of venue from the county has been taken, the court in the county to which the cause was sent, has authority to appoint a guardian. p. 246.

2. GUARDIAN AND WARD.—*Selection of Guardian.*—*Discretionary with Court.*—*Guardian's Residence.*—In the absence of a statute restricting the authority of the court in the appointment of a guardian to the county of the residence of the ward, the court has a wide discretion as to such appointment, and is not limited to residents of the county where the ward resides, and where the ward's estate consisted of corporation stocks, amounting to $200,000, and there had been conflicting litigation in the county of the ward's residence over the appointment of the guardian, the appointment of a financial institution in the county to which the cause was sent on change of venue will not be reversed on appeal [explaining *Berry* v. *Berry* (1897), 147 Ind. 176]. p. 246.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Martha P. Cook against Harry A. Cook for the appointment of a guardian for the latter. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bagot, Free & Pence* and *Diven, Diven & Campbell,* for appellant.

*Frederick E. Matson, Solon J. Carter, James A. Ross, Robert D. McCord, Adolph Schreiber, Austin V. Clifford, George A. Barnard* and *Bouck, Hilton, Kluwin & Dempsey,* for appellee.

NICHOLS, J.—Action by appellee against appellant for the appointment of a guardian for the person and estate of the appellant.

On November 11, 1922, appellee filed in the office of the clerk of the Madison Circuit Court her verified petition asking for the appointment of a guardian for the person and estate of appellant, who was her husband. The first paragraph alleged that appellant was a resident of Madison County, and that he was a person of unsound mind and incapable of managing his estate. The second paragraph set forth the facts concerning appellant, covering a period of two and one-half years, and alleged that because of physical infirmity and unsoundness of mind he was incapable of managing his own estate. On November 28, 1922, the clerk of the Madison Circuit Court and the prosecuting attorney of that circuit filed separate answers in general denial. Thereafter appellee filed her verified motion and affidavit for a change of venue from the county, which motion the court sustained, and on December 20, 1922, the venue was perfected in the Henry Circuit Court. On December 29, 1922, one Robert H. Malone filed in the Madison Circuit Court a petition which alleged that appellant, an inhabitant of Madison County, had an estate

of value therein, and that he was incapable of managing his estate because of physical infirmity, and that a guardian should be appointed to take charge of his estate under the direction of the court. Thereafter, on the same day, attorneys for the appellant entered an appearance, filed an answer in general denial, the cause was submitted to the court and the Madison Circuit Court appointed the Commercial Bank and Trust Company of Alexandria as his guardian. Further prosecution of the action was restrained by writ of prohibition issued by the Supreme Court of Indiana on March 27, 1923. *State, ex rel.,* v. *Madison Circuit Court* (1923), 193 Ind. 20, 138 N. E. 762. Thereafter appellee filed in the Henry Circuit Court her third and supplemental paragraph of complaint, in which she set forth the instituting of the action of Malone v. Cook in the Madison Circuit Court, its progress, and said action of the Supreme Court in regard thereto, and alleged that appellant was incapable of managing his own estate because of physical infirmity, and asking that a guardian be appointed for his person and estate. Appellant filed in the Henry Circuit Court an answer in general denial to each paragraph of appellee's complaint.

The cause was tried by the court. Appellant was not present. His attorneys did not contest the truth of the allegations that he was incapable of managing his estate because of physical infirmity, but conceded that point. The court found that appellant was, on account of physical infirmity, incapable of managing his own estate, and that a guardian should be appointed for his person and estate, and rendered judgment accordingly. Thereupon appellant filed his motion for the appointment of some qualified person or institution who or which was a resident of Madison County, Indiana, as such guardian, which motion the court overruled and appellant excepted. Appellant then filed his motion,

asking the court to certify and remand the guardianship of his person and estate and the record of the appointment of a guardian to the Madison Circuit Court for purposes of administration and further proceedings, which motion the court overruled and, to which ruling, appellant excepted. The court then appointed the Citizens' State Bank of Newcastle, Henry County, as guardian, to which appointment appellant at the time excepted.

The only error assigned is the action of the court in overruling appellant's motion for a new trial which properly presents that the decision of the court 1, 2. is not sustained by sufficient evidence, and that it is contrary to law. It is conceded that the Henry Circuit Court having acquired jurisdiction of the cause by a change of the venue from Madison County, had full authority to appoint a guardian. It was so decided by the Supreme Court. *State, ex rel.,* v. *Madison Circuit Court, supra.* See, also, *Berry* v. *Berry* (1897), 147 Ind. 176; *Niagara Oil Co.* v. *Jackson* (1910), 48 Ind. App. 238; *Trook* v. *Trook* (1916), 63 Ind. App. 272, 110 N. E. 1006, 113 N. E. 730. Appellant contends, however, that it was the court's duty, under the law, to appoint a resident of Madison County as such guardian, and that it was its further duty to transfer the guardianship to the Madison Circuit Court after such appointment. As appears above, appellant made motions to this effect, each of which was overruled. In the absence of a limiting statute restricting the authority of the court in the appointment of a guardian to the county of the residence of the ward, and we find no such statute, and appellant has pointed out none, the court has a wide discretion as to such appointment, and it will not be reversed in its decision in the absence of a manifest abuse of such discretion. Appellant's learned counsel present a forceful argument

for the appointment of a guardian resident within Madison County, but cite no authority, other than the Berry case, to sustain their contention. In that case, the court said that: "The judgment of the court below, properly we think, appointed as guardian a resident of Tipton county, and required his bond and reports to be made to the circuit court of said county." The ward there involved resided in Tipton County. We do not understand, however, that the court undertook by this statement to promulgate a general rule of law, but rather it held that, under the circumstances of that case, the court did not err in its appointment. Further, the court does not hold that the trial court would have abused its discretion had it appointed a resident of Howard County as guardian.

In *Nettleton* v. *State* (1859), 13 Ind. 159, the court sustaining the trial court in the removal of a guardian who had removed from the state, said: "We do not mean to say that where a guardian has removed from the county, it would be imperative on the court below to remove him from his trust; but where the court below does remove him for that cause, the statute expressly authorizing it, we have no authority to revise the discretion of the court below, thus exercised." The court, then quoting with approval from *Young* v. *Young* (1854), 5 Ind. 513, says: "In cases like this, a large discretion must necessarily be left to the courts having original jurisdiction, and we will not disturb their action unless that discretion is grossly abused."

In the instant case, we cannot say what may have influenced the trial court in its appointment of a guardian in Henry County. It may have been that the character of the estate, which consisted of $150,000 or $200,000 in corporation stocks, made it practicable. The fact that, on appellee's application, there was a change of venue from the Madison Circuit Court, after which

there was an attempted action in that court to appoint a guardian, and that such appointment was made, which resulted in the writ of prohibition mentioned above, impresses us that there was a good deal of local feeling involved. We cannot say that the court abused its discretion.

Judgment affirmed.