## STATE EX REL. BRADSHAW *v.* PROBATE COURT OF MARION COUNTY, ET AL.

[No. 28,300.   Filed June 19, 1947.]

*James M. Dawson* and *Louis Rosenburg*, both of Indianapolis, for relatrix.

*Rausch, Wemmer & Chase*, of Indianapolis, for respondents.

GILKISON, J.—This is an original action, asking that respondents be mandated to grant relatrix a change of venue from Marion County, in her action pending in respondent court to set aside its order and judgment by which her daughter, Margaret Mae Daglish was adopted to her paternal grandmother and step-grandfather. It is charged that this order and judgment of adoption was based upon the fraud of her then husband, Robert Daglish. She filed and presented a verified motion for change of venue from the county for causes provided by statute. (§ 2-1401, cl. 3rd, Burns' 1946 Replacement.) This motion was denied for the reason "that this cause is not a civil action within the meaning of the statutes providing for a change of venue from the county."

The question presented is whether or not relatrix' action pending in respondent court is a civil action of which the respondent court has jurisdiction. If it is, the affidavit for a change of venue from the county in proper form, left the respondent judge with but a single duty to perform in the case— to grant the change of venue. *State ex rel. White Water, etc.,* v. *Hoelscher, Judge* (1935), 208 Ind. 334, 196 N. E. 1.

Since 1852, in Indiana there has been no distinction in pleading and practice between actions at law and suits in equity. There is but one form of action for the enforcement or protection of private rights and the redress of private wrongs, denominated a "civil action." All courts vested with jurisdiction in law and equity may to the full extent of their respective jurisdictions, administer legal and equitable remedies in favor of either party, in one and the same suit, so that legal and equitable rights of the parties may be enforced and protected in one action. (§ 2-101, Burns' 1946 Replacement. Acts 1881 [Sp.

Sess.], ch. 38, § 1, p. 240. Part 2 Statutes 1852, Vol. 2, ch. 1, Art. 1, § 1, p. 27, approved June 18, 1852.)

It has been frequently decided by this court "that an action 'is any judicial proceeding which, conducted to a termination, will result in a judgment', and that a civil action 'is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar.' " *Berry* v. *Berry* (1897), 147 Ind. 176, 179, 46 N. E. 470.

Many cases of an equitable and statutory nature held to be civil cases within the change of venue statute (§ 2-1401, Burns' 1946 Replacement) are cited in *Daniels* v. *Bruce* (1911), 176 Ind. 151, 155, 95 N. E. 569. See also *Cook* v. *Cook* (1923), 81 Ind. App. 243, 141 N. E. 471; *Harvey* v. *Rodger* (1924), 84 Ind. App. 409, 143 N. E. 8; *Soules* v. *Robinson* (1902), 158 Ind. 97, 62 N. E. 999, 92 Am. St. 301; *White* v. *White* (1933), 98 Ind. App. 587, 592, 593, 186 N. E. 349; *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 59 N. E. (2d) 118; *Scherer* v. *Ingerman, Admr.* (1887), 110 Ind. 428, 440, 441, 11 N. E. 8, 12 N. E. 304.

The respondent court was established by statute in 1907. (§ 4-2901, Burns' 1946 Replacement.) Its jurisdiction is original and exclusive as to certain specified matters including adoptions, and concurrent as to certain other matters specified, (§ 4-2910, Burns' 1946 Replacement) all of which prior to its establishment, were within the sole jurisdiction of the circuit court (§ 8, Art. 7 Const. of Ind. § 4-303, Burns' 1946 Replacement; §§ 835 to 841 incl., Burns'

1901, Acts 1855, p. 122). Since sole jurisdiction in adoption matters was bestowed by law upon the respondent court without providing any change in procedure therefor, the procedure is the same as in the circuit courts. In other words it is governed by the adoption statute. In addition to this the statute provides that it is a court of record, and of general jurisdiction and its judgments, etc. shall have the same force and effect as those of the circuit court. § 4-2916, Burns' 1946 Replacement; *Doe* v. *Smith* (1849), 1 Ind. 451, 456; *Sims* v. *Gay* (1886), 109 Ind. 501, 503, 9 N. E. 120.

The general rule applying to courts of general jurisdiction is stated in 34 C. J. at pages 252 and 253 as follows:

"The authority to vacate or set aside its own judgments is inherently incident to all courts of record, or of general jurisdiction, including courts of equity, appellate courts, and probate or surrogates' courts, and may be exercised without the grant of any special statutory authority."

See also *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 370, 53 N. E. (2d) 338.

We think the action brought by relatrix is a civil action within the meaning of §§ 2-101 and 2-1401, Burns' 1946 Replacement, and therefore either party is entitled to a change of venue from the county on proper application. *Berry* v. *Berry, supra,* pp. 178, 179.

The respondent court is the proper court in which to file an action to set aside its judgment on the grounds of fraud. *Traders Loan, etc., Co.* v. *Houchins* (1924), 195 Ind. 256, 260, 261, 144 N. E. 879; *Karr* v. *Board, etc.,* (1908), 170 Ind. 571, 582, 583, 85 N. E. 1; 34 C. J. § 448, *Judgments,* p. 225; *Gregory* v. *Perdue* (1867), 29 Ind. 66, 69; *Coleman* v.

*Barnes* (1870), 33 Ind. 93. *The Indiana and Illinois R. R. Co.* v. *Williams* (1864), 22 Ind. 198. *Scott* v. *Runner, Assignee, Etc.* (1896), 146 Ind. 12, 44 N. E. 755.

To support his position respondent relies strongly upon *ex rel. Krodel* v. *Gilkison, Judge* (1935), 209 Ind. 213, 198 N. E. 323 and *Christ* v. *Jovanoff* (1926), 84 Ind. App. 676, 151 N. E. 26, 152 N. E. 2. Each of these cases was an action for relief from a default judgment provided for by § 2-1068, Burns' 1946 Replacement, § 423, Burns' 1926. Such an action is statutory and the procedure is provided by the statute. It will be noted that the statute authorizing the action is that *"the court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect,"* etc. (our italics). In the two cases above noted it is held that a change of venue from the county may not be taken in such an action. We approve both the reasoning and result in each of these cases.

But the case at bar is not a statutory action. It is not provided for and its procedure is not regulated by § 2-1068, Burns' 1946 Replacement, *supra*, or any other statute. A decree of adoption may be vacated upon such grounds as would entitle the court to vacate any other order or decree. "Following this principle, a decree of adoption may be vacated by a petition to the court which entered it, *or by a suit in equity, for fraud in obtaining it* as where, at the time the decree was sought and entered, the adopting parent was of weak and unsound mind, and subjected to undue influence." (Our italics) 1 Am. Jur. § 72 *Adoption of Children*, p. 671, 672. *Brown* v. *Brown* (1885), 101 Ind. 340, 343. *Phillips* v. *Chase* (1909), 203 Mass. 556, 89 N. E. 1049, 30 L. R. A. (N. S.) 159.

The relatrix' action is a suit in equity to set aside the order of adoption, for alleged fraud in obtaining it, and in matters of procedure is governed by the civil code. *Asbury* v. *Frisz* (1897), 148 Ind. 513, 47 N. E. 328. *Brake* v. *Payne* (1893), 137 Ind. 479, 481, 482, 37 N. E. 140. *Greenwaldt* v. *May* (1891), 127 Ind. 511, 513, 27 N. E. 158. *Hogg* v. *Link* (1883), 90 Ind. 346, 350. *Nealis, Admr.* v. *Dicks* (1880), 72 Ind. 374, 376, 380. *Gorman* v. *Johnson* (1910), 46 Ind. App. 672, 91 N. E. 971. See also *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 481, 110 N. E. 672. *Town of Woodruff Place* v. *Gorman* (1912), 179 Ind. 1, 6, 7, 100 N. E. 296. *State* v. *Hindman* (1903), 159 Ind. 586, 591, 592, 65 N. E. 911.

It may be true that the respondent court has exclusive original jurisdiction of relatrix case. Relatrix has tacitly recognized that fact by filing the case therein. However, this exclusiveness refers only to the institution of the proceeding, and does not exclude the application of procedural law thereafter, including the right to change of venue from the county. *Daniels* v. *Bruce, supra,* pp. 154, 155, 156, 157.

This court has only "such original jurisdiction as the General Assembly may confer." Indiana Const. Art. 7, § 4. By § 3-2201, Burns' 1946 Replacement this court is given the right and duty in an original action to mandate a probate court to grant a change of venue from the county "in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused." In this action no question is presented that the affidavit was not timely, proper and sufficient.

It is, therefore, ordered and adjudged that the respondent, Dan V. White as Judge of the Probate Court

of Marion County be and he is hereby mandated to grant relatrix a change of venue from Marion County in the cause of *Frieda D. Bradshaw* v. *Henry Toppe and Leona G. Toppe,* now pending in said court.

Starr, J., dissenting with opinion in which O'Malley, C. J., concurs.

NOTE.—Reported in 73 N. E. (2d) 769.

## DISSENTING OPINION

STARR, J.—Relatrix is asking this court to mandate the respondents to grant a change of venue in her action now pending in the Probate Court of Marion County.

The action in which this change of venue is sought is an equitable one seeking to set aside for fraud a judgment of adoption rendered by said probate court. This is an independent action which formerly would have been prosecuted by an original bill in a court of equity. It is not based on any of our statutory grounds for review of judgments or for the vacation of judgments. *Nealis, Administrator* v. *Dicks* (1880), 72 Ind. 374. "A *nisi prius* court of equity may, at any time, vacate a judgment against a defendant where it is shown that the apparent jurisdiction over the defendant's person was procured by the fraud of the plaintiff." *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 481; 110 N. E. 672.

I am of the opinion the Probate Court of Marion County has no jurisdiction to entertain this equitable action in which the change of venue is being sought. Jurisdiction of this court is defined by § 4-2910, Burns' 1946 Replacement, Part 2, which reads as follows:

"Said probate court, within and for the county for which it is organized, shall have original, ex-

clusive jurisdiction in all matters pertaining to the probate of wills, the appointment of guardians, assignees, executors, administrators and trustees, and to the administration and settlement of estates of minors, persons of unsound mind, aged, infirm and improvident persons, habitual drunkards, insolvents and deceased persons, and of trusts, assignments, adoptions and surviving partnerships, and all other probate matters, and shall have concurrent jurisdiction in the following matters:

"First. Proceedings in partition.

"Second. Applications for the appointment of receivers and actions against corporations by either creditors or stockholders, or both.

"Third. Applications for writs of habeas corpus.

"Fourth. Proceedings to resist probate of wills and proceedings to contest wills.

"Fifth. Complaints to construe wills and to dissolve trusts.

"Sixth. All actions by and against executors, administrators, guardians, assignees and trustees."

Nowhere in this section of our statutes is the Probate Court of Marion County given the power to exercise general chancery powers. Its jurisdiction is limited to the particular matters set out in this statute. In the cases enumerated in this statute it may exercise the powers incident to courts of chancery, but not beyond those cases. *West* v. *Thornburgh and Another* (1843), 6 Blackf. 542.

At the time the last mentioned case was decided the jurisdiction of our probate court was limited as it now is to particular matters and had no general chancery powers. There this court held the probate court had no jurisdiction in the case of a bill in chancery to enforce a vendor's lien on real estate for unpaid money for the purchase price of land partitioned in said court. On page 544 of this opinion the court said: "In the cases enumerated in the statute, they may exercise the

powers incident to courts of chancery, but not beyond those cases. If this were a continuation of the proceedings for the partition of the land, the jurisdiction of the court could not be doubted. But we regard the suit in that case as having terminated, and this suit as a separate and independent proceedings for the collection of a debt."

The same can be said of the case before us; the case resulting in the judgment of adoption has long since terminated. The suit to set aside this judgment of adoption under all the holdings is a new and independent equitable proceedings which before the adoption of our code of procedure would necessarily have been brought in the court of chancery.

It is true that § 4-2916, Burns' 1946 Replacement, Part 2, provides that the probate court is a court of *general jurisdiction*. But by this provision it was not meant to confer upon this court jurisdiction to try cases not enumerated in said § 4-2910. What was meant is that the probate court is vested with all the powers of any court of record when disposing of any matter of which the statute gives it jurisdiction. *Doe on the Demise of Hain and Others* v. *Smith* (1849), 1 Ind. 451.

In stating that the probate court cannot assume jurisdiction of suits in equity to have a judgment declared void for fraud we do not mean that the relatrix is remediless. She can secure complete relief from the courts of general superior jurisdiction. *Frankel* v. *Garrard* (1903), 160 Ind. 209, 66 N. E. 687; *Greenwaldt* v. *May* (1890), 127 Ind. 511, 27 N. E. 158; *Brown* v. *Goble* (1884), 97 Ind. 86.

It is true each of the cases last cited has to do with setting aside a justice of the peace judgment yet I think each points to the remedy in this case.

I am of the opinion, therefore, that we should not compel a change of venue because the probate court has no jurisdiction of the cause in which the change is sought and that the petition herein should be denied.

O'Malley, C. J., concurs.