WEDMORE *v.* STATE OF INDIANA.

[No. 29,195. Filed October 7, 1954.]

*George T. Patton*, of South Bend, for appellant.

*Edwin K. Steers*, Attorney General and *Owen S. Boling* and *Frank E. Spencer*, Deputy Attorneys General, for appellee.

GILKISON, J.—Appellant was prosecuted in the St. Joseph Superior Court No. 2, on April 2, 1953, by affidavit attempting to charge him with the offense of

rape. The affidavit omitting the caption, signature, approval and verification is as follows:

"Gladys Reed, being duly sworn upon her oath, says: That on or about the 29th day of March, 1953, at and in the County of St. Joseph, State of Indiana, one Jack Wedmore did on said 29th day of March, 1953, feloniously and unlawfully make an assault in and upon one Nancy Marie Reed, then and there being a female child under the age of sixteen (16) years, to-wit: Fifteen (15) years of age, and did then and there feloniously and unlawfully ravish and carnally know her, the said Nancy Marie Reed, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

After a plea of not guilty had been entered, appellant filed his verified motion for change of venue from the regular judge of St. Joseph Superior Court No. 2, which motion was sustained by the judge and action was regularly taken appointing John S. Gonas as special judge in the case. The court then made its order thereon as follows:

"Comes now the State of Indiana and strikes the name of Judge Pyle, leaving Judge John S. Gonas, *who* the court appoints as special judge in this cause; and now by agreement of the parties herein the court now orders this cause to be and same is transferred to St. Joseph Probate Court."

It is otherwise made to appear, and we take judicial notice that John S. Gonas was and is the regular judge of the St. Joseph Probate Court.

Thereafter action was taken in the case in the St. Joseph Probate Court and the defendant waived a jury trial, a motion to dismiss the cause for unusual delay was overruled by the court, and the cause was tried by the court resulting in a finding and judgment of guilty of assault and battery, a sentence of six months

in the "Indiana *Penal* Farm," a fine of $500.00, and costs taxed against defendant.

The Attorney General raises a question as to the jurisdiction of the subject-matter of the action by the St. Joseph Probate Court. It is proper for the Attorney General to raise this question for if the court is without jurisdiction of the subject-matter, its judgment is void. *Fidelity & Casualty Co.* v. *State ex rel. Anderson* (1933), 98 Ind. App. 485, 495-496, 184 N. E. 916; *Lowery* v. *State Life Insurance Co.* (1899), 153 Ind. 100, 102, 54 N. E. 442, and authorities there cited; *Smith* v. *Myers* (1887), 109 Ind. 1, 8, 9 N. E. 692; *Robertson* v. *The State ex rel. Smith* (1887), 109 Ind. 79, 81, 10 N. E. 582; Ind. Trial and Appellate Practice (Flanagan, Wiltrout and Hamilton), Sec. 2782, p. 361; 15 Am. Jur.—Criminal Law—§459, p. 116; 24 C. J. S.—Criminal Law—§1559 p. 20.

The title and several sections of the statute relative to the jurisdiction of the St Joseph Probate Court, Acts 1945, Chap. 333, pp. 1552 to 1559 inclusive, are in substance as follows:

> The Title of the Act is thus: "AN ACT establishing a probate court in St. Joseph County, defining its jurisdiction and powers, providing for keeping the records of such courts, the appointment of officers for same, the manner of their selection, fixing the term and salary of such judge, the manner of his election, the payment of his salary, by whom, and how, the process of such court shall be served, the transfer of cases to such court, and providing for an appeal from the judgment of such court, repealing laws in conflict herewith, and declaring an emergency."

> Sec. 4-3031, Burns' 1946 Repl., Sec. 1, p. 1552, Acts 1945, provides thus:

> "There is hereby created and established a probate court in the county of St. Joseph to be known as the St. Joseph Probate Court . . ."

Sec. 4-3041, Burns' 1946 Repl., Sec. 11, p. 1554, Acts 1945, grants to the probate court and its judge concurrent jurisdiction with courts having criminal jurisdiction in all cases where persons are charged with contributing to juvenile delinquency, or to the neglect of juveniles; also original exclusive jurisdiction, except when specially waived by the court, in all cases of delinquent, dependent and neglected children as defined by law; also exclusive original jurisdiction to determine the paternity of any child born out of wedlock and provide for its support, custody, wardship and disposition; and all other cases that are now or hereafter may be conferred on juvenile courts of this state.

Sec. 4-3043, Burns' 1946 Repl., Sec. 14, p. 1155, Acts 1945, makes the judge of the probate court, competent to sit as special judge in any circuit or superior court.

Sec. 4-3040, Burns' 1946 Repl., Sec. 10, p. 1554, Acts 1945, grants the usual and general probate jurisdiction to this court, and then provides that it "shall have concurrent jurisdiction with the circuit court and the superior court of said county in all matters wherein the superior court of said county has jurisdiction."

When there is a lack of jurisdiction of the subject-matter in the trial court, the jurisdictional question may be raised at any time before final decision and in any manner and if not raised by a party it is our duty *sua sponte* to raise and determine it. *State ex rel. Ayers* v. *Ewing, Judge* (1952), 231 Ind. 1, 10, 106 N. E. 2d 441, and cases there cited.

Probate, in American law, is now a general name or term used to include all matters of which probate courts have jurisdiction. Black's Law Dictionary, p. 1428; Bouvier's Law Dictionary-Rawles Third Revision p. 2728; *Johnson* v. *Harrison* (1891), 47 Minn. 575, 28 Am. St. Rep. 382; See also *Ingraham* v. *Baum* (1918), 136 Ark. 101, 206 S. W. 67, 68.

For many years it has been the law that:

"Probate courts are creatures of the law whose basic jurisdiction is to administer justice in matters relating to decedents' estates . . . The jurisdiction exercised by probate courts is commonly referred to as probate jurisdiction. . . . Their jurisdiction is, of course, purely civil and in the settlement of estates it is primarily *in rem*. 21 C. J. S.—Courts, Secs. 298, 300.

Being a creature of the legislature the St. Joseph Probate Court has such jurisdiction only as is granted by the statutes creating it, and such powers as are necessarily implied to enable it to function as a probate court. *Fidelity & Casualty Co.* v. *State ex rel. Anderson* (1933), 98 Ind. App. 485, 497, 184 N. E. 916, *supra*; *State ex rel. Bradshaw* v. *Probate Court* (1947), 225 Ind. 268, 272, 73 N. E. 2d 769.

It was within the power of the legislature to give the probate court such criminal jurisdiction, if any, as it desired the court to have. By Sec. 4-3041, Burns' 1946 Repl., *supra*, it has given the St. Joseph Probate Court specific and general juvenile court jurisdiction, including certain criminal jurisdiction respecting juveniles, and it is given exclusive original jurisdiction in bastardy cases. The statute does not give the St. Joseph Probate Court general criminal jurisdiction unless the general statement in Sec. 4-3040, Burns' 1946 Repl., *supra*, "and shall have concurrent jurisdiction with the circuit court and the superior court of said county in all matters wherein the superior court of said county has jurisdiction," grants to it all the jurisdiction, civil, criminal, juvenile, probate and every other jurisdiction possessed by that court.

To ascertain the legislative intent we must consider the entire statute and the object sought to be attained

thereby. The intention of the lawmaker constitutes the law. *State ex rel. Rogers* v. *Davis, Judge* (1951), 230 Ind. 479, 482, 104 N. E. 2d 382; *Haynes Automobile Co.* v. *City of Kokomo* (1917), 186 Ind. 9, 12, 114 N. E. 758; *Thorn* v. *Silver* (1910), 174 Ind. 504, 515, 89 N. E. 943, 92 N. E. 161; *City of Lebanon* v. *Dale* (1943), 113 Ind. App. 173, 178, 46 N. E. 2d 269.

It is evident that the legislature by the statute noted, intended to establish a probate court for St. Joseph County. The fact that it was specific in giving this court general juvenile jurisdiction including concurrent criminal jurisdiction in all cases wherein persons are charged with contributing to or encouraging juvenile delinquency or contributing to the neglect of juveniles, and with exclusive orginial jurisdiction in bastardy cases, indicates that it was aware that the court would not have such jurisdiction unless it was expressly given. In other words the legislature did not intend to give the probate court general civil or criminal jurisdiction by the last co-ordinate sentence in Sec. 4-3040, Burns' 1946 Repl., *supra.* Had it intended so to do, it would not have mentioned specially the juvenile jurisdiction, the concurrent criminal jurisdiction in cases of contributing to or encouraging juvenile delinquency, contributing to the neglect of juveniles, nor the exclusive original jurisdiction in bastardy cases. By the use of the last co-ordinate sentence noted, the legislature did not intend to endue that court with all the criminal jurisdiction that theretofore had been possessed by the circuit and superior courts or either of them. *State ex rel. Bradshaw* v. *Probate Court* (1947), 225 Ind. 268, 272, 73 N. E. 2d 769, *supra.*

Of course, if the Probate Court did not have juris-

diction of the subject-matter of the action, the parties by agreement or otherwise could not endow it with such jurisdiction. *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 384, 103 N. E. 10; *Robertson* v. *State ex rel. Smith* (1887), 109 Ind. 79, 81, 10 N. E. 582, 643; *Lowery* v. *State Life Insurance Co.* (1899), 153 Ind. 100, 103, 54 N. E. 442; *Drinkwatter* v. *Eikenberry* (1945), 224 Ind. 84, 95, 96, 64 N. E. 2d 399; *Davis and wife* v. *Davis and others* (1871), 36 Ind. 160, 161; *Smith* v. *Myers* (1887), 109 Ind. 1, 8, 9 N. E. 692, *supra.*

The St. Joseph Probate Court has no general criminal jurisdiction, and was and is without jurisdiction of the subject-matter in this case.

The judgment is reversed with instructions to the St. Joseph Probate Court to vacate all proceedings had in said cause in said court, and expunge its records thereof and to abstain from taking further action or making further record therein.

NOTE.—Reported in 122 N. E. 2d 1.