ARTHUR CALEY, ET AL. *v.* BETTY CARR LUNG.

[No. 1070S256. Filed September 2, 1971.]

*William Mills, Bangs, Mills & Rollo,* of Huntington, for appellants.

*Wendell L. Ham, Jr.,* of Huntington, for appellee.

HUNTER, J.—This case involves a proceeding to set aside an order of adoption. Appellants, Arthur Caley and Ruth Caley, had filed their petition for the adoption of Bonnie Sue Carr as their child and heir at law. Appellee, the natural mother, had consented to said adoption in writing and had stated that

Bonnie Sue Carr was born out of wedlock with no action ever taken to determine the paternity of the child. On May 2, 1969, proceedings were held and the petition for adoption was approved. On June 25, 1970, more than one year after the adoption proceedings, appellee filed a motion to set aside the adoption on the grounds that there were fraudulent statements in the petition and there was a fraudulent statement as to the obtaining of consent to the adoption. On July 7, 1970, appellants filed a motion to dismiss appellee's motion to set aside the order. On August 3, 1970, appellants' motion was denied. Appellants appeal from that denial.

Appellants' motion to dismiss asserted that TR. 60(B) precluded appellee from initiating such an action. Appellants assert the pertinent portions of this rule are as follows:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

. . .

(3)   fraud . . .

. . .

The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken . . ."

Appellants claim that, since this action was not taken within a year of the order, appellee can no longer bring the action, making the overruling of their motion to dismiss contrary to law. However, Rule 60(B) further states,

"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court."

Thus the question becomes whether a request by the natural mother to set aside an adoption on the ground of fraud in obtaining her consent comes within the exception to TR.

60 (B). If the answer to this question is affirmative, the one year limitation rule does not apply.

We need not, however, decide this question at this time. Although the issue appealability has not been raised, we believe it is controlling in this matter. TR. 60 (C) reads, in part:

> "A ruling or order of the court *denying or granting* relief, in whole or in part, by motion under subdivision (B) ■ of this rule shall be deemed a final judgment, and an appeal may be taken therefrom . . ." (our emphasis)

In the instant case, relief has been neither granted nor denied by the trial court. Regardless of how we characterize appellee's motion to set aside, the denial of appellants' motion to dismiss is not an appealable order.

However, this appeal presents an important question, and, if resolved at this time, an appeal of this matter at a later date may be avoided.

The adoption was not an adversary proceeding. Consent of the natural mother had been obtained. It follows, therefore, that such consent must be valid.

*Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 130 N. E. 230 involved a habeas corpus proceeding in which fraud in obtaining the adoption was claimed. The court there stated,

> "But as we construe the reply, it brought before the court rendering the judgment of adoption, . . . facts in opposition to its enforcement, amply sufficient upon the theory of fraud in its procurement to constitute a direct attack thereto. In *Cotterell, Admr.,* v. *Koon* (1898), 151 Ind. 182, 185, 51 N. E. 235, it was said that 'an attack upon a judgment for fraud in its procurement is regarded as a direct attack, which is permitted, notwithstanding the decree or judgment questioned may appear upon its face in all respects regular and valid'." 190 Ind. at 518, 130 N. E. at 234-235.

In *State ex rel. Bradshaw* v. *Probate Court of Marion County* (1947), 225 Ind. 268, 73 N. E. 2d 769, another adoption case alleging fraud, the Court said,

". . . [A] decree of adoption may be vacated by a petition to the court which entered it, *or by a suit in equity, for fraud in obtaining it* . . ." 225 Ind. at 274, 73 N. E. 2d at 772.

In a dissent to this case on other grounds, Judge Starr said,

"This is an independent action which formerly would have been prosecuted by an original bill in a court of equity." 225 Ind. at 276, 73 N. E. 2d at 773.

Such suits to set aside adoptions due to fraud in procurement have on occasion been brought via habeas corpus proceedings. See *Glansman* v. *Ledbetter, supra; Risner et al.* v. *Risner et al.* (1963), 243 Ind. 581, 189 N. E. 2d 105, attempting to set aside a seven (7) year old adoption. They have also been brought through equitable proceedings. See *State ex rel. Bradshaw* v. *Probate Court of Marion County, supra; Brown et al.* v. *Brown* (1885), 101 Ind. 340.

The action which appellee brought in the instant case clearly alleges that the judgment was procured through fraud upon the court. Such an action has been and should be considered as independent. It therefore comes under the exception contained in TR. 60 (B) stated above and the trial court can entertain the action.

For the reasons stated earlier in this opinion, until the trial court rules on appellee's petition to set aside the order of adoption, the order denying the motion to dismiss is not appealable at this time.

Appeal denied.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 891.